No. 8616.

## DEVOR v. RERICK ET AL.

STATUTE OF LIMITATIONS.—*Pleading.*—*Demurrer.*—*Practice.*—The statute of limitations must be pleaded, and is not available on demurrer unless it affirmatively appears that the case is not within any exception to the statute.

From the LaGrange Circuit Court.

*O. L. Ballou* and *G. A. Cutting*, for appellant.
*J. D. Ferrall, J. S. Drake* and *F. D. Merritt*, for appellees.

BICKNELL, C. C.—The appellant brought this suit upon a promissory note made by the appellee Rerick, payable to the appellee Roland Devor. The complaint states nothing except the making of the note on the 19th day of September, 1856; that a copy of it is therewith filed; that it was assigned by the payee to the plaintiff by delivery only; that the assignor is made a defendant to answer as to the assignment; and that the note is due and unpaid; and that judgment is demanded for $300.

The following is a copy of the note:

"$100.              ELKHART, Sept. 19th, 1856.
"One year after date I promise to pay R. Devor, or his

order, one hundred dollars, value received, waiving the appraisement law.    ·    (Signed)    JOHN H. RERICK."

A demurrer to this complaint, for want of facts sufficient, etc., was sustained; the plaintiff declining to amend, judgment was rendered for the defendants. The plaintiff appealed. The error assigned is sustaining said demurrer.

Our statute of limitation contains several exceptions. Civil Code 1852, section 215. Upon such a statute, the rule is that when the complaint shows a case within the statute, and not within any of the exceptions of the statute, such complaint is bad on demurrer. The complaint here shows a note within the statute, but has no averment that the case is not within any of such exceptions, and its allegations are not equivalent to such averment. *Cravens* v. *Duncan*, 55 Ind. 347.

Where lapse of time is relied on, it must, as a general rule, be pleaded, unless it affirmatively appears upon the complaint that the cause of action is barred, notwithstanding the exceptions in the statute; then the objection may be taken by demurrer. In the complaint under consideration nothing appears in reference to such exceptions. The plaintiff is not bound to anticipate the defence of the statute. *Potter* v. *Smith,* 36 Ind. 231, 237; *Kent* v. *Taggart,* 68 Ind. 163; *Milner* v. *Hyland,* 77 Ind. 458. The complaint was, therefore, sufficient. The court erred in sustaining the demurrer to it.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellant, and this cause is remanded, with instructions to overrule the demurrer to the complaint.