## St. L., I. M. & S. Ry. v. Brown.

1. PRACTICE IN SUPREME COURT: *Objection waived in court below*

   A defendant who by demurrer elects to treat as part of the plaintiff's complaint, a statement appended to it which contains nothing pertaining properly to an exhibit, cannot on appeal, call the statement an exhibit and complain that it cannot be looked to, to aid the allegations of the complaint.

2. RAILROAD COMPANIES: *Pleading: Negligence.*

   In an action against a railroad company, for injuring live-stock, a statement in the complaint that the animals were injured by the defendant's train, is, under *sec. 5544, Mansf. Dig.*, a sufficient averment of negligence on the part of the company.

3. STATUTE OF LIMITATIONS: *Defence of, at law must be by answer.*

   The objection that an action at law was not brought within the time limited, must be taken by answer and not by demurrer, unless the complaint shows not only that sufficient time has elapsed to bar the action, but also the non-existence of any ground of avoidance.

APPEAL from *Clark* Circuit Court.

H. B. STEWART, Judge.

*Dodge & Johnson* for appellant.

Three things are required in actions of tort for killing stock upon a railroad track, to constitute a good or *prima facie* cause of action against a railway company.

1.   The stock must have been negligently killed or wounded and found dead or wounded on or near the track. *Mansf. Dig., sec. 5544.*

2.   The killing or wounding must have been within one year. *Id., sec. 5540.*

3.   The action for the injury to stock must be instituted in the county in which the animal was killed or injured. *Id., sec. 5540.*

The third requirement, as above stated, is a jurisdictional fact, and the complaint failing to show this fact, fails to show jurisdiction in the court in which the action is instituted.

For this reason alone, the complaint fails to show any jurisdiction whatever in the Clark Circuit Court to try this case. *R. R. v. Clifton, 38 Ark., 206–7.*

But it fails to set out any facts whatever, which show a cause of action against appellant; it says the defendant is " indebted to plaintiff in the sum of $103, for damages done personal property, as set out in an account filed with it."

The exhibits cannot be taken to help out the complaint. They are not considered part of the complaint.   This has been repeatedly decided by this and other courts.   *R. R. v. Parks, 32 Ark., 134; Chamblee v. Stokes, 33 id., 544; Howell v. Rye, 35 id., 479.*

But admitting that the complaint and the account are one and the same thing, we find that only two of the animals killed were alleged to have been killed in Clark county.   This appears in *item one,* and these two animals were alleged to have been killed in April, 1885, nearly sixteen months prior to the

bringing of the suit. Surely the statute bar is too apparent to require any argument.

The complaint fails to allege that any of the animals were negligently killed.

A demurrer was the proper way to reach the sufficiency of the complaint. Where it is apparent on the face of the pleading that the cause of action is barred, a demurrer will be sustained. *29 N. W. Rep., 427;' 29 id., 794; 1 Atl. Rep., 350; 21 N. W. Rep., 404; 2 id., 705; 19 id., 783; 61 Mo., 463.* See, also, *31 Ark., 686; 2 Bush, 555; 1 Bush, 508; 16 Ark., 152; 20 id., 200.*

COCKRILL, C. J. In July, 1886, Brown sued the railroad company on the following complaint:

"The plaintiff, Randolph Brown, states that the defendant, the St. Louis, Iron Mountain and Southern Railway Company, is indebted to him in the sum of one hundred and three dollars, for damages done to personal property, particulars of which are set out in an account herewith filed, leaving due and unpaid the sum above mentioned. Wherefore he prays judgment for one hundred and three dollars as above claimed, and for other relief."

Appended to the complaint was a statement charging the company, in separate items, with the value of several cows and hogs, the property of the appellee, which had been injured or killed in Clark county by the appellant's locomotives. The statement showed that the injuries had been inflicted more than one year before suit brought, with one exception—a hog had been injured within the year. The company offered to confess judgment for the value of the hog; demurred generally to the complaint, and demurred to each item of the accompanying statement upon the ground that they were severally barred by the statute of limitations. The demurrer was over-

ruled, the company declined to answer, the claims were duly proved, judgment was rendered for the plaintiff and the company appealed. Only the questions arising upon the demurrer are presented.

**1. PRACTICE IN SUPREME COURT: Objection waived in court below.**

I. There is nothing in the mis-named statement of account that pertains properly to an exhibit to the complaint. Each of the so-called items was a separate cause of action, and everything that was material in the statement should have been specifically averred in the body of the complaint. Instead of seeking to take advantage of this state of pleadings, the company elected to treat the two parts as one complaint, and upon this lead the court so treated it. It is too late now for the defendant to call the statement an exhibit and complain that it cannot be looked to to aid the allegations of the complaint.

**2. RAILROAD COMPANIES: Pleading: Negligence.**

II. The objection that negligence on the part of the company was not averred is not well taken. It was shown that the stock was injured by the company's trains, and this the statute makes *prima facie* evidence of negligence. A legal conclusion need not be alleged.

III. The objection that the court had not jurisdiction because it was not shown by the complaint that the injuries occurred in Clark county, fails because the fact is distinctly shown by the second part of the complaint above referred to.

**3. STATUTE OF LIMITATIONS: Defence of, at law, must be by answer.**

IV. The objection that the action was brought too late could not be taken by demurrer.

It has been enacted in at least five of the States that the objection that the action was not commenced within the time limited, can only be taken by answer. This was the rule of practice at law in this State prior to the adoption of the Code, though it was otherwise in equity. There is nothing in the Code expressly abolishing the rule, though the old practice in equity now commonly prevails at law in Code States; but this court, following the lead of Kentucky, whence our Code

came, declined to apply the equity rule at law unless the complaint should show not only that sufficient time had elapsed to bar the action, but also the non-existence of any ground for avoiding the statute bar. This has become the settled practice at law under the Code. *Collins v. Mack, 31 Ark., 684; Hutchinson v. Hutchinson, 34 id., 164; Riley v. Norman, 39 id., 158; State v. Reed, 45 id., 333.*

It is of more practical importance to litigants that the practice in such matters should be fixed and stable than that the court should seek by a change of front to conform to a theory of unity or oneness in the form of actions. We adhere to the precedents and hold that the defendant having failed to avail himself of the statute of limitations by answer, waived the right. See, too, *Devor v. Rerick, 87 Ind., 337; Tarbox v. Supervisors, 34 Wisc., 558; Rankin v. Turney, 2 Bush. 555.*

Affirm.