## McCOLLUM v. NEIMEYER.

### Opinion delivered March 1, 1920.

1. LIMITATION OF ACTIONS—DEMAND PAPER.—Demand paper is due immediately, and the statute of limitations begins to run from the date of the instrument.

2. SALES — AGREEMENT TO REPURCHASE — REASONABLE TIME.—An agreement to purchase certain stock sold if in the future the buyer should not want it and to allow him 6 per cent. for the time that he held it *held* to mean that if within a reasonable time he did not want the stock the seller would take it off his hands and allow him the amount he had paid and 6 per cent. interest for the time he had kept it.

3. SALES—AGREEMENT TO REPURCHASE—REASONABLE TIME.—Where the seller of stock agreed to repurchase it if the buyer at any time in the future did not want it, a demand by the buyer on the seller to repurchase the stock made after 11 years had elapsed was after an unreasonable length of time.

4. LIMITATION OF ACTIONS—DEMURRER.—In a suit at law, the statute of limitations could not be raised by demurrer unless it appeared in the complaint that no facts existed which exempted the action from operation of the statute.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Troy W. Lewis,* for appellant.

1.   The promise was a collateral undertaking which created no debt until demand for performance; and, demand having been made February 28, 1918, and refused, the suit is not barred by limitation.   4 Ark. 214; 9 Pick. (Mass.) 490.

2.   Where the time of payment is not determined but remains to be fixed by one of the parties, a demand is necessary before suit.   4 Ark. 533.

3.   The statute of limitations runs only from the time of contingency happening and not from the time of the promise.   1 Wm. Blackst. Rep. 352.

4.   The statute of limitations has no application where the undertaking provides, "if plaintiff should thereafter become dissatisfied with the purchase defendant would repay the money with interest," and, as to reasonableness of time, that should be left to a jury. 157 Pac. 590; 80 Oregon 468.

5.   Where the parties contemplated a delay in making a demand to some indefinite time in future, the statutory period of bringing the action is not controlled by the rule of reasonableness of time in asking performance.   110 Minn. 213; 124 N. W. 994; 32 L. R. A. (N. S.), note to p. 492.

6.   Where a speedy demand or notice to pay would reasonably violate the intent and purpose of the contract, a demand need not be made within the statutory period.   125 Ind. 421; 25 N. E. 542.

7.   Even in cases of money payable on demand the parties may so frame their contract as to make a preliminary demand a prerequisite to the right to sue, and the statute does not run until performance is demanded and refused.   28 Minn. 501; 11 N. W. 64.

8. Where an action is based on a breach of an undertaking, the action does not accrue until the contract is broken. 1 Sandf. 98; 6 Hare 386.

9. The court can not say as matter of law that the statute has run against an undertaking that must be left to a jury to determine from the merits of the case. 32 L. R. A. (N. S.) 492.

*Kinsworthy, Henderson & Kinsworthy,* for appellee.

The action is barred or it will not be barred until *eternity.* 17 R. C. L. 755-6; 4 Ark. 214; 136 Pac. 1152; 50 L. R. A. (N. S.) 594; 32 L. R. A. (N. S.) 487. The construction of the cause of action was purely one of law for the court.

HUMPHREYS, J. On January 29, 1919, appellant instituted suit against appellees in the Pulaski Circuit Court, Third Division, to recover $1,500 and interest thereon at the rate of six per cent. per annum from April 8, 1907, upon a repurchase contract of $1,500 of the stock of the A. J. Neimeyer Lumber Company, a corporation.

The gist of the complaint is that appellant was induced on April 8, 1907, by A. J. Neimeyer, who was the president of said corporation and a large stockholder therein, to purchase $1,500 worth of stock at par, in said corporation, with the understanding that he, A. J. Neimeyer, should repurchase the stock if in the future appellant should not want it, at the par value thereof, with six per cent. for the time appellant held said stock; that on the 28th day of February, 1918, appellant demanded of said appellee that he repurchase said stock in fulfillment of said agreement, but that said appellee failed and refused to do so. The letter containing the inducement for the purchase of the stock was made a part of the complaint, and is as follows:

"A. J. NIEMEYER LUMBER CO.
Manufacturers of Yellow Pine Lumber
Equitable Bldg.
"St. Louis, Mo., 2/23/07.

"Mr. W. T. McCollum,
c/o Columbia Lumber Co.,
Buckner, Ark.

"Dear Will:

"We are in receipt of a check from Dr. Smith for $600 for stock in our company.

"Now, it has occurred to me that you can afford to take more stock than $600 and I make this offer to you, that you increase it to $1,000, giving us your note for $400, paying it when you can and the note will draw 6 per cent. interest.

"I think this would be a good thing for you to do. It will help you to save your money and I also am satisfied this stock will be a fine investment for you.

"If in the future you should not want this stock, I will take it off your hands and agree to allow you 6 per cent. for the time that you hold it.

"I trust that everything is getting along nicely at lumber and that you help in the woods to keep everything moving along to the best advantage possible for the company.

"Yours very truly,
N/H                 "A. J. Neimeyer."

"Mr. McM. took 1,500 and paid for it and has stock certs."

On May 28, 1919, appellee A. J. Neimeyer filed a demurrer to the complaint upon the grounds (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the action was barred by the statute of limitations; (3) that the action was barred by laches.

Upon hearing, the court sustained the demurrer, and, appellant declining to plead further, dismissed the complaint, from which dismissal an appeal has been duly prosecuted to this court.

Appellant contends that the cause of action did not accrue under the terms of the contract until the 28th day of February, 1918, the date of his demand on appellee and appellee's refusal to repurchase the stock aforesaid. The soundness of this contention depends upon the correct interpretation of the following clause in the contract: "If in the future you should not want this stock, I will take it off your hands and agree to allow you six per cent. for the time that you hold it." It is quite clear from reading the clause in connection with the rest of the letter containing it that it was not in contemplation of either party that appellant should make an immediate demand for repurchase of the stock. It was suggested in the letter that, by paying a part cash and executing a note for the balance of the purchase money for the stock, it would enable appellant to save his money. This would indicate that no immediate election as to whether appellant would keep or return the stock was in contemplation of the parties. The fact that, in case appellant did not want the stock, he should receive six per cent. interest on it for the time he should hold it, indicates that it was not in contemplation of the parties that appellant should elect even in a very short time whether he would keep the stock. Under this interpretation of the clause, it cannot be brought within the rule controlling demand paper. Demand paper, under the rule announced in this State, is due immediately, and the statute begins to run from the date of the instrument. *Sturdivant* v. *McCorley,* 83 Ark. 278.

We think the proper interpretation to place upon the clause in question is that it was in contemplation of the parties, if, within a reasonable time, appellant should make up his mind that he did not want the stock, appellee Neimeyer would take it off his hands and allow him the amount he had paid therefor, together with six per cent. interest for the time he had kept it. We think it would be a strained construction to say the clause meant that appellant should have all time, or forever, in which to make the election. Such an interpretation would

exempt the obligation from the statute of limitations altogether. The rule announced in *Brooks* v. *Trustee Co.,* 136 Pac. 1152, is sound, and we adopt it. It is as follows (quoting syllabus 1): "An agreement by a seller of bonds to allow plaintiff to withdraw from her purchase at any time upon return of the bonds after consultation with third persons necessitates plaintiff's making an election whether to take the bonds or not within a reasonable time." It will be observed from a reading of the clause in question that the only preliminary action necessary to complete the accrual of his right to return the stock and demand the amount paid. therefor, together with six per cent. interest, rested in him. The contingency upon which his right or claim rested was a power exclusively in himself. Unless required to act within a reasonable time, he could, by nonaction, eliminate or postpone indefinitely the operation of the statute of limitations. The doctrine announced in Ruling Case Law, Vol. 17, p. 756, and supported by a large array of authorities, is particularly applicable to the instant case. It is as follows: "When some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the claimant, he cannot defeat the operation of the statute of limitations by a failure to act or by long and unnecessary delay in taking the antecedent step. It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character." It is conceded that appellant made no demand under the option clause in his contract for a return of his money with six per cent. interest thereon for more than eleven years after the certificate of stock was issued to him. In our opinion, as a matter of law, this was an unreasonable length of time to wait before making the demand, and, on that account, the action would be barred if not taken out of the opera-

tion thereof by the existence of grounds of avoidance. This is a suit at law and the statute of limitations could not be raised by demurrer unless it affirmatively appeared in the complaint that no facts existed which exempted the action from the operation of the statute. This rule on pleading was announced in the early case of *Collins* v. *Mack,* 31 Ark. 684, and reiterated in the following cases: *Hutchinson* v. *Hutchinson,* 34 Ark. 164; *St. L., I. M. & S. R. Co.* v. *Brown,* 49 Ark. 253; *Rogers* v. *Ogburn,* 116 Ark. 233. The complaint in the instant case does not affirmatively show that no facts exist which would take the action out of the operation of the statute.

The court, therefore, erred in sustaining the demurrer to the complaint and, for that reason, the judgment is reversed and the cause remanded with directions to overrule the demurrer to the complaint.