McCOLLUM v. NEIMEYER.

Opinion delivered April 4, 1921.

1. LIMITATION OF ACTIONS—PLEADING.—In an action at law upon a contract to purchase corporate stock on demand the statute of limitations is purely a matter of defense which even the defendant is not bound to plead, and the plaintiff is not bound to set forth in his complaint the existence of facts which will show that he is barred from maintaining the action, in response to a motion to require him to make his complaint more specific.

2. PLEADING—MOTION TO MAKE COMPLAINT MORE SPECIFIC.—Plaintiff may not complain of the granting of a motion to make his complaint more specific where he did not stand on his complaint, but undertook to comply with the order of the court.

3. LIMITATION OF ACTIONS—COMPLAINT HELD NOT TO SHOW BAR.— A complaint alleging that ten years previously plaintiff was induced by defendant to purchase stock in a corporation, that said purchase was upon the understanding that defendant would repurchase the stock at any time that plaintiff desired him to do so, and that thereafter on several occasions, at intervals of less than three years and continuing up to within two years of the bringing of this action defendant verbally and personally accepted, ratified and affirmed said agreement to repurchase, *held* not to show affirmatively that plaintiff's cause of action was demurrable as barred by the statute of limitations.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House,* Judge; reversed.

*Troy W. Lewis,* for appellant.

On the former appeal this court held that a cause of action was stated and that the facts do not affirmatively show that no facts exist which would take the action out of the statute bar. 219 S. W. The complaint here is good as held on the former appeal. The complaint does not affirmatively show that the action is barred, and an action at law did not lie. 31 Ark. 684; 34 *Id.* 164; 49 *Id.* 253; 116 *Id.* 233.

The contract was fundamentally one to repurchase the stock from McCollum, an employee, some time in the future at his election. Limitation can not be raised by demurrer, as the complaint does not affirmatively show that the action is barred. 105 Ark. 293.

*Kinsworthy, Henderson & Kinsworthy,* for appellee.

The complaint, as amended, fully states the appellant's cause of action, and, the promise being a verbal one, it falls within the bar of the statute. C. & M. Digest, § 6095. An oral waiver of the statute of limitations, or a promise not to plead it, need not be in writing. 19 Am. & Eng. Enc. Law 322; 132 Mo. 524; 85 Tenn. 561; 1 Wood on Limitations, p. 76; 10 Humph. (Tenn.) 176; 132 Ind. 111; 215 S. W. 631; 11 Ark. 30.

Wood, J. This action was brought by the appellant against the appellee on January 29, 1919, to recover the sum of $1,500. The appellant alleged in substance that on April 8, 1909, he was induced by the appellee, who was the president and a large stockholder of A. J. Neimeyer Lumber Company, a corporation, to purchase a block of its stock, for which he paid the sum of $1,500; that said purchase was made upon the understanding with the appellee that he would repurchase the stock at any time appellant desired him to do so, and in the meantime would pay appellant six per cent. interest per annum on the amount he had invested; *that thereafter on several occasions at intervals of less than three years, and continuing up to within two years of the bringing of this action, the appellee verbally and personally acknowledged, ratified and affirmed said agreement to repurchase;* that on the 28th of February, 1918, the appellant demanded of the appellee that he repurchase the stock in fulfillment of his agreement, which appellee refused to do, to the appellant's damage in the sum of $2,500.

The appellee demurred to the complaint on the ground that it showed upon its face that it was barred by the statute of limitations. The demurrer was sustained. The appellant stood upon his complaint, and the court rendered a judgment dismissing the same, from which is this appeal.

This is the second appeal of this cause. *McCollum v. Neimeyer,* 142 Ark. 471. On the first appeal the complaint was substantially the same as that above set

forth, except that it did not contain the following clause: "That thereafter, on several occasions, at intervals of less than three years, and continuing up to within two years of the bringing of this action, the defendant (appellee) verbally and personally acknowledged, ratified and affirmed said agreement to repurchase. On the former appeal before the above clause was added to the complaint we held that the the complaint stated a cause of action, saying: "This is a suit at law, and the statute of limitations could not be raised by demurrer, unless it affirmatively appeared in the complaint that no facts existed which exempted the action from the operation of the statute." On remand of the cause the appellee moved to require the appellant to make the complaint more specific. This motion was sustained, and the clause above quoted was added over the objection of appellant.

The question for decision on this appeal is whether or not the complaint as it now stands, containing the above clause, states a cause of action. In other words, do the allegations of the complaint now show affirmatively that the cause of action stated therein is barred by the statute of limitations? In actions at law on contracts of the character set forth in appellant's complaint, the statute of limitations is purely a matter of defense which even the defendant is not bound to plead. Therefore, the appellant was not bound to set forth in his complaint the existence of facts which would show that he was barred from maintaining the action by the statute of limitations. The court erred in granting the motion of the appellee requiring the appellant to make his complaint more specific in an effort to have appellant set forth therein matters which would show affirmatively that the appellant was barred by the statute of limitations, and which would enable the appellee to avail himself of the statute by a demurrer.

The original complaint was sufficiently definite and certain, and, as we held on the former appeal, stated a cause of action. The appellant, however, is not in an

attitude to complain of this ruling of the court because he did not stand on his complaint, but undertook to comply with the order of the court requiring him to make the same more specific by adding to his original complaint the clause above quoted. Therefore, the question recurs as to whether such clause states affirmatively the existence of facts which show that the appellant is barred by the statute of limitations. Section 6965 of Crawford & Moses' Digest, provides: "No verbal promise or acknowledgment shall be deemed sufficient evidence in an action founded on contract whereby to take any case out of the operation of this act, or to deprive the party of the benefits thereof."

In *Burnett* v. *Turner,* 105 Ark. 293, construing this statute, we said: "It is equally well settled by the authorities that an oral waiver of the statute of limitations, or promise not to plead it, does not fall within the statute above quoted, and need not be in writing. The suspension of the statute by reason of a promise not to plead it is based on the doctrine of estoppel, and, in order for it to be effective, the promise must be an express one not to plead the statute, or the language of the promise must be such as clearly evinces an intention not to do so upon which the creditor has a right to rely. Otherwise it could not be said that he was estopped by the conduct of his debtor, and the rule does not apply."

The clause in the complaint under review states that, "up to within two years of the bringing of this action, the defendant, A. J. Neimeyer, verbally and personally acknowledged, ratified and affirmed said agreement to repurchase." This language does not show that the appellee expressly or impliedly promised not to plead the statute of limitations; nor can it be said that the language quoted evinces an intention on the part of the appellee not to plead the statute of limitations. The clause quoted does not set forth what words were spoken or the circumstances under which the agreement to repurchase was acknowledged, ratified and affirmed. Therefore, whether the appellee expressly or impliedly promised not

to plead the statute of limitations, or whether, by any language he used in "acknowledging, ratifying and affirming the agreement to repurchase," he evinced an intention not to plead the statute, is not affirmatively shown by any of the allegations in the complaint. In this respect, the complaint is precisely the same as it was on the former appeal. In other words, the complaint still does not show affirmatively the existence of facts which would bar the appellee from maintaining the action. The fact that appellee "verbally and personally acknowledged, ratified and affirmed" said agreement to repurchase does not show that he expressly promised that he would not plead the statute of limitations, or that he in any manner by his conduct led appellant to believe that he would not set up the statute in bar of the action.

The clause in the complaint under consideration does not negative the existence of grounds of avoidance of the operation of the statute of limitations. If these grounds really exist, they are matters to be developed by the testimony on the issue as to whether the action is barred by the statute of limitations when that issue is properly pleaded, which has not yet been done. The court erred in sustaining the demurrer and in dismissing appellant's complaint. The judgment is, therefore, reversed and the cause is remanded with directions to overrule the demurrer.