STATE, USE GLOVER v. McILROY.

4-5023

Opinion delivered April 25, 1938.

*Mayes & Mayes, O. E. & Earl N. Williams,* for appellant.

*Clifton Wade* and *G. T. Sullins,* for appellees.

BAKER, J. The complaint in this case, filed by C. A. Glover, alleges the election in 1928 of Henry B. Walker, as sheriff of Washington county; that on January 1, 1929, he executed a sheriff's bond, in the sum of $35,000, signed by J. H. McIlroy, F. P. Hall and Marion Wasson. The conditions of the bond are fully set forth in the complaint. It was further pleaded that Walker was re-elected sheriff in November, 1930, and that on January 1, 1931, he executed a second bond for $35,000 signed by J. H. McIlroy as surety. Glover alleged that in February, 1929, he instituted an action in replevin in the Washington circuit court against Walker, as sheriff, to recover possession of certain mules, harness and equipment. This property had been attached and was held by the sheriff as the attaching officer, under process issued by a justice of peace court. This property was attached as belonging to R. L. Adams.

It is further alleged that this suit by replevin, was disposed of on April 30, 1937, when a judgment by consent was rendered against Henry B. Walker, the former sheriff, for $923 and costs. It was pleaded further that said Walker, acting in his official capacity, had sold the property sought to be replevied, and plaintiff was, therefore, unable to secure judgment for the possession thereof, but was given the judgment aforesaid in the alternative. After execution had been issued upon this judgment, plaintiff found that he was unable to collect, as execution was returned unsatisfied. This suit, the basis of the appeal, was then filed in the circuit court against J. H. McIlroy and Marion Wasson, jointly and severally, to recover from them the $923 and interest and costs, which Glover had been unable to collect from Henry B. Walker, in satisfaction of the judgment rendered on April 30, 1937. The first bond expired, of course, with the first term of office held by Henry B. Walker. That is to say, the bond was executed on the 1st day of January, 1929, and expired on the last day of December, 1930. The second bond was made on the 1st day of Jan-

uary, 1931, and expired on the last day of December, 1932. Bond was conditioned according to the statute, that is, that "if the said Henry B. Walker shall well and truly and faithfully discharge and perform the duties of this office and at the expiration of his term of office shall render unto his successor in office a correct account of all sums of money, books, goods, valuables and other property as it comes into his custody as such sheriff of said county; and shall pay and deliver to his successor in office, or any other person authorized to receive the same, all balances, sums of money, books, goods, valuables and other property which shall be in his hands and due by him, then the above obligation shall be null and void, else the same shall remain in full force and virtue."

The defendants, McIlroy and Wasson, filed demurrer to the complaint. The demurrer was sustained and Glover refused to plead further and judgment dismissing the complaint was entered, and it is from that judgment that this appeal has been taken.

From the foregoing it appears that this suit in replevin, brought by Glover, was filed during the first term of Glover's tenure of office as sheriff. His first term of office expired December 31, 1930. His second, or last term expired on December 31, 1932. For some reason not set forth in the pleadings and unnecessary to be considered here, the case was continued, or at least not tried until April 30, 1937. The judgment which was entered in favor of Glover against the sheriff shows that the property sought to be recovered in the replevin suit was sold on March 12, 1929; that the net proceeds of the sale amounted to $923, the amount for which judgment was rendered.

There is no allegation in the complaint that Henry B. Walker, as sheriff, had any authority to sell the property, nor is there any allegation as to what became of the suit in the justice of peace court, as to whether the attachment was sustained under which the property had been seized, or if it had been discharged. According to the allegations of the complaint, the suit, filed to recover this property, was filed in February, before this property was sold on March 12. There is no allegation why the property was not turned over to the appellant at the time

the suit was filed, or that he did or did not make bond for the property.

The allegations upon which the appellant relies are to the effect that Walker was acting in his official capacity as sheriff in taking charge of, handling and disposing of the property. Of course, if he were acting otherwise or as an individual, as distinguished from his conduct as sheriff, the sureties upon his bond would in no respect have been liable. There is no statement in these pleadings, nor is there any information otherwise, because this case was settled on demurrer, why Glover did not intervene in the suit against Adams, make claim to his property and have his rights there adjudicated, and it is likewise impossible to determine, as above suggested, why he did not have delivered to him, upon the institution of his replevin suit, the property, the possession of which he was attempting to recover. There is no indication that a cross-bond was executed by the sheriff to prevent the delivery of the property to the plaintiff.

The demurrer filed in this action was intended to raise the question of the bar of the statute of limitations. It is urged, and we think correctly so, that the plea of the statute of limitations cannot be raised by demurrer, unless the complaint shows not only that the time had elapsed so as to bar the action, but in addition thereto, it must appear also, from the complaint, the non-existence of any ground for the avoidance of the statute of limitations. *St. L., I. M. & S. Ry. Co.* v. *Brown,* 49 Ark. 253, 4 S. W. 781; *Collins* v. *Mock,* 31 Ark. 684; *Rogers* v. *Ogborn,* 116 Ark. 233, 172 S. W. 867; *McCollum* v. *Neimeyer,* 142 Ark. 471, 219 S. W. 746.

The statute of limitations in this state, upon bonds of sheriffs, coroners, and constables, is set forth under § 8935, Pope's Digest, as follows:

"Official bonds. Actions on the official bonds of sheriffs, coroners and constables shall be commenced within four years after the cause of action shall accrue, and not afterwards."

Appellees, however, call our attention also to § 8931 of Pope's Digest which provides that all actions for neglect of duty brought against sheriffs must be commenced

within two years from the time the cause of action accrues. Appellant argues that the liability against the sheriff was not determined until April 30, 1937, and that the statute of limitations against the sureties for the sheriff could not begin until after a determination of the sheriff's liability, as was done by the judgment of the above date.

We agree that sureties may be made liable only upon a breach of the obligations of the bond. The statutes authorizing the bond or requiring it to be given is controlling, besides we will not ignore the provisions of other statutes governing the official conduct of the sheriff. The provisions of the bond to the effect that the sheriff shall deliver over to his successor in office, at the end of his term, such money and property as he may have received as such officer, must be given effect if the bond is to be enforced.

Section 1253 of Pope's Digest contemplates that the sheriff or other such public officer shall deliver over to his successor in office such goods and moneys as he may receive and that any suit pending, as this case was, by Glover against Walker, shall survive and may be revived against the successor to recover from him the same goods or property, or moneys, as was sought to be recovered in the beginning, against Glover.

The foregoing section also provides that said suit shall not abate by reason of the death or expiration of the term of office, or the retirement, or resignation, or removal from office. So whatever right the plaintiff may have had to follow the sheriff, who seized the property, which he was claiming, and to continue in the prosecution of the case, he knew under the conditions of the bond and provisions of the foregoing statute, that there was a breach of the said conditions of the bond when Walker failed to pay over to his successor in office the amount of money then in his hands, or which he was presumed to have from the sale of this property, and his first bond expired on December 31, 1930, and his second bond expired on December 31, 1932. If it may be presumed that as he succeeded himself, this property remained in his hands under the law as his own successor, but it, at least,

must necessarily have been accounted for not later than December 31, 1932, and a failure to pay over at that time, or to deliver to his successor in office such property and moneys, as he may have received as such sheriff, was a breach of the bond relied upon in this suit. It is true that the plaintiff may not have known the exact amount of the liability, but since the breach had then accrued liability was fixed for whatever the amount was as of that date. That was more than four years prior to the filing of the present suit.

The only argument offered for the avoidance of the running of the statute of limitations is the fact that the amount of liability was not determined until 1937. The determination of this question was not necessary for the filing or maintenance of the suit against sureties upon the bond any more than it was for the filing and maintenance of the suit against Walker to determine the same controversy.

We have called attention to the provision of the bond requiring, under the statutes, the officer, at the end of his term, to deliver over to his successor property and money coming into his hands as such officer. The effect of his failure to do so is a violation of that statute and a breach of the obligation of the contract as evidenced by the bond. It was so held in the case of *Scott v. State,* 181 Ark. 1138, 29 S. W. 2d 667. A circuit clerk, in that case, was charged with the embezzlement of certain funds. It was held that he should have delivered over to his successor in office when he retired; that the statute of limitations began to run on January 1, 1925, when his successor took office, and that the cause of action was barred three years thereafter.

Appellant cites certain cases supporting the contention made to the effect that the statute bar did not begin to run until the termination of the suit brought against the sheriff to determine the amount of his liability. These citations are from other jurisdictions and, perhaps, said cases were properly determined under the laws of those jurisdictions. We have not undertaken any investigation of the applicable statutes governing such cases, for

the reason that we consider them inapplicable under the provisions of our own statutes.

In this case considerably more than four years had elapsed since the expiration of the second and last term of office held by the sheriff of Washington county, one of the appellees here, and there does not appear to be any reason, of which we can take cognizance, for holding that the claim was not barred at the time of the institution of this suit. Not only had the time elapsed within which the proceeding must have been deemed barred, but there is nothing to show an avoidance of the effect of the statute of limitations.

The judgment is affirmed.