# St. Louis, Iron Mountain & Southern Railway Company *v.* Sweet.

## Opinion delivered March 20, 1897.

RES JUDICATA—ACTIONS IN DIFFERENT RIGHTS.—A judgment of recovery in an action by an administratrix for the wrongful death of her intestate, brought for the benefit of the widow and next of kin, is not a bar to an action for the benefit of the estate, to recover for the personal injury done to the intestate.

PLEADING—CONSTRUCTION.—Where a complaint may be treated as stating a cause of action either *ex contractu* or *ex delicto*, and the action would be barred if treated as *ex delicto*, it will be treated as *ex contractu*.

INSTRUCTION—NEGLIGENCE.—In an action to recover from a carrier for injuries to a passenger killed by derailment of a car, where no negligence was complained of or shown by the evidence, except the failure to maintain the track in a safe condition, it is reversible error to charge that if the injuries were caused by the negligence of defendant in the maintenance of its track "or in the operation its train," without the passenger's fault, the jury should find for plaintiff.

SAME—DAMAGES.—It is error to instruct the jury, in an action by an administrator to recover for injuries to her intestate resulting in death, that, in estimating the damages, they might consider the amount for which the estate was liable for medical attention, where there is no proof of the amount due for such services, and where it is not shown that a claim therefor was probated within two years after letters of administration were taken out.

Appeal from Lincoln Circuit Court, Varner District.

JOHN M. ELLIOTT, Judge.

*Dodge & Johnson* for appellent.

1.   There has been a recovery in this case once, and there is no evidence to sustain an additional verdict.   60 Ark. 550; Sand. & H. Dig., sec. 5908; 53 Ark. 126. There were no *debts* due by the deceased intestate, as none had been probated within *two years.*

2.   There was one issue of defendant's negligence, and one only, presented by the pleadings and proof. That was negligence predicated on the failure to keep a *safe track.*   In the first instruction and others the court told the jury they could find for plaintiff if they believed defendant was negligent in the "operation of its train."   This was prejudicial error.   52 Ark. 524; 14 How. 486; 97 Mass. 361; 56 Ill. 138; 34 A. & E. R. R. Cas. 405; 2 Wood, Rys. pp. 1074–1079; Hutch. on Car. secs. 502–529; Patterson, Ry. Acc. Law, sec. 247; 93 U. S. 291; 34 A. & E. R. Cas. 556.

3.   It was error to instruct the jury that they might find for plaintiff for medical attention and funeral expenses, as there was no *proof* of either.

4.   The action is *ex delicto*, and barred.

*N. T. White, White & Wooldridge,* and *Rose, Hemingway & Rose* for appellee.

1. The evidence shows the existence of bills for both medical attendance and funeral expenses. There was no evidence that these claims had not been presented and allowed, or that they were barred. The plea of limitation is personal. Wood, Lim. sec. 7; 13 Hun, 1130. The estate was bound for these expenses. Appellant cannot complain if the estate enjoyed generous treatment from its creditors; that in no way reduced the loss. 57 Ark. 306, 312. There is nothing to show that the jury made any allowance for these items.

2. No error of the court in instructing the jury as to negligence could have prejudiced it. The train left the track where the rails were rotten. The law presumed negligence. The court might have charged that defendant was negligent. 60 Ark. 550.

3. The action was *ex contractu*, and the limitation is three years. 41 Ark. 476; Patterson's Ry. Acc. Law, sec. 341; 3 Am. & Eng. R. Cases, 444–446; Pomeroy, Remedies, etc., 567; Cooley on Torts, pp. 90, 91, *et seq.;* Bliss, Code Pleading, sec. 152; 58 Ark. 136; 61 N. Y. 583; 59 N. Y. 156, 162; 3 Gr. Ev. sec. 208; 31 Ohio St. 537, 543; 40 Pac. 779.

BATTLE, J. This action was instituted by Ada H. Sweet, as adminstratrix of the estate of Frank Sweet, deceased, against the Iron Mountain & Southern Railway Company. She alleges in her complaint, among other things, as follows: "That on the said 18th day of September, 1890, the defendant received the plaintiff's intestate, Frank Sweet, into one of its cars, for the purpose of carrying him therein, and upon said railroad, as a passenger from Walnut Lake to the city of Pine Bluff, in Jefferson county, in this state, for the sum and price of $1.25 then paid to the defendant by the

said plaintiff's intestate. That the track of defendant's road between Fairfield and Pine Bluff in said county and state, and especially at a point about three miles east of Pine Bluff, and between Pine Bluff and Fairfield station, was at the time defective and unsound, and unfit to be used for that purpose, which defendant did [know], or might and should then and thereafter have known, by due care, but, not regarding their duty, they carelessly and negligently suffered it to be used, although the ties which held the rails in place were rotten and unsound, and in such condition as to be actually dangerous to the traveler over said road; and while said car was proceeding with the plaintiff's intestate thereon at the point last aforesaid, it was, by reason of such defect in the said track, and the unsoundness thereof, thrown from the track, and said car wrecked, and the said Frank Sweet caught therein and bruised and mangled in a most horrible manner, from the effects of which the said Frank Sweet did languish and live for a period of ten hours after he was bruised and mangled, as aforesaid, before dying, and that, during the said ten hours he so lived, he suffered great bodily pain and mental anguish. That his death aforesaid was caused by the injuries received in the manner as stated aforesaid, and by reason thereof his estate has been damaged in the sum of ten thousand dollars."

The defendant answered and admitted that its train was derailed, and that plaintiff's intestate was injured, but denied all the allegations in the complaint charging it with negligence, and that the intestate suffered pain or mental anguish. It alleged that the deceased was guilty of contributory negligence, and that by reason thereof he lost his life. It further answered by saying that "there was and now is another action pending in the Desha circuit court, at the Watson district of Desha county, Ark., between the same

parties and for the same cause of action set forth in the complaint to this action, which said suit is now on appeal to the supreme court of the state of Arkansas; that, at the trial of the said action, proof was introduced by the plaintiff to the jury impaneled to try the said cause of the mental anguish and bodily pain suffered by the plaintiff's intestate on account of the injuries received as herein alleged, and that under said proof a verdict was rendered for the sum of $10,000." And pleaded the statute of limitations of one and two years.

The issues of fact in the action were tried by a jury. *As to res judicata.* Evidence was adduced in the trial tending to prove the allegations of the complaint, that the funeral expenses of the decased amounted to $210 or $215, and that the deceased incurred a debt in his last illness for the services of a physician, but the amount thereof was not shown. Evidence was also adduced tending to prove that an action was instituted by plaintiff against the defendant for the benefit of the widow and next of kin of the deceased for damages to them which were caused by the same injuries on account of which plaintiff sues in this case, and that the jury returned a verdict in favor of plaintiff for $10,000, and that it was instituted before the commencement of this action. But they were instituted to recover different damages, and neither is a bar to the other.

This action was commenced within three years after the injuries mentioned in the complaint were received.

Among other instructions the following were given over the objections of the defendant:

1. "If the jury believe from the evidence that the injury and death of the plaintiff's intestate was caused by the careless and negligent conduct of the defendant in the care and maintenance of its track, or in the operation of its train, without fault on his part, they will find for the plaintiff."

5.  "If the jury find for the plaintiff, in estimating the damages they may take into consideration the bodily pain and suffering and mental anguish of the deceased from the time the injuries occurred until his death, and also the amount paid by plaintiff, or for which the estate of the deceased is liable, for medical and surgical attention consequent upon the injuries received and for funeral expenses."

A verdict was returned, andj udgment was rendered, in favor of plaintiff for $2,500, from which, after a motion for a new trial was overruled, defendant appealed.

Construction of pleading.

The complaint sets out a cause of action *ex contractu.* It is true that there are no allegations of promises or agreements, but they are implied. There was no necessity for stating implied promises. The cause of action is shown by the facts from which they are implied. The allegations will support an action in either form, *ex contractu* or *ex delicto.* The former not being barred, we will not hold that appellee was not entitled to relief, if it be conceded that it would be barred when treated as in the latter form.

Instruction as to negligence disapproved.

The first instruction was not correct. It says: "If the jury believe from the evidence that the injury and death of the plaintiff's intestate was caused by the carelessness and negligent conduct of the defendant in the care and maintenance of its track, or in the operation of its train, without fault on his part, they will find for the plaintiff." The error consists in the use of the words "or in the operation of its trains." No negligent conduct on the part of the defendant is complained of, or shown by the evidence, except the failure to maintain the track in a safe condition. None was shown in the operation of the train. The fact that the injury was caused by the train running over a defective track does not show negligence in the operation of the train.

The injury was the result of both causes, but the negligence was in the failure to maintain the track in a safe condition. The same defect exists in other instructions, but its evil effects were avoided by other instructions, which are unnecessary to mention.

The instruction as to damages was erroneous in this: it told the jury that, in estimating damages, they might take into consideration, among other things, the amount for which the estate of the deceased was liable for medical and surgical attention, and for funeral expenses. The estate was not liable for such attention and expenses, if a claim for the amount due therefor was not probated within two years after the date of the letters of administration of appellee. And, moreover, the amount due for, or value of, the medical and surgical attention is not shown. The giving of this instruction is a prejudicial error. *Railroad Company* v. *Barry*, 58 Ark. 198; *Foster* v. *Pitts*, *ante*, p. 387.

Reversed and remanded.

*Instruction as to damages disapproved.*