## ROGERS *v.* OGBURN.

### Opinion delivered January 11, 1915.

1. ACTIONS—TRANFER TO EQUITY—ESTATE TAIL—TRANSFER OF HEIR'S INTEREST.—A. devised land to N. "and the heirs of her body." N. executed a deed of gift conveying her interest in the property to R., her son, and later N. and R. both executed a deed to the property to the defendants. In an action at law, after N.'s death, by the heirs of her body to recover the land, *held*, R. by his deed parted with all his interest in the land, and that an allegation by defendant of the above facts would not authorize a transfer of the action to equity.

2. ESTATE TAIL—UNDER ARKANSAS STATUTE.—A devise of property to N. and the heirs of her body, under Kirby's Digest, § 735, gives to N. an estate for life with remainder in fee to her children.

3. LIFE ESTATE—CONVEYANCE BY LIFE TENANT—RIGHT OF REMAINDERMAN.—Land was devised to N. and "the heirs of her body lawfully begotten." N. had two children, one of them with N. conveyed his interest in the property to defendants. After N.'s death, *held*, N.'s other child was seized in fee simple of an undivided one-half interest in the land in controversy.

4. LIMITATION OF ACTIONS—HOW RAISED BY DEMURRER—ACTION AT LAW.—The statute of limitations can not be raised by demurrer in actions at law, except in cases where the complaint shows affirmatively, not only that the statutory period has elapsed, but that no facts exist which would take the case out of the operation of the statute.

5. LIMITATION—ACTION BY REMAINDERMAN OF LIFE ESTATE.—The statute of limitations does not begin to run against the remainderman of a life estate, until the death of the life tenant.

6. LIFE ESTATE—SURRENDER TO ONE REMAINDERMAN.—The conveyance by a life tenant to one of a number of remaindermen who are tenants in common, does not constitute a surrender so as to extinguish the life estate, and there is no merger in that case, and the grantor of the life estate holds, as against his tenant or tenants in common, both estates separately.

7. LIFE ESTATES—CONVEYANCE BY LIFE TENANT—RIGHTS OF REMAINDERMEN—LIMITATIONS.—Where a life tenant of land conveyed away his interest in the same to one of several remaindermen, the grantee

of the life estate has a right to hold the estate for and during the life of the original life tenant and the statute does not begin to run against another tenant in common until the expiration of that estate.

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; reversed as to Jackson; affirmed as to Rogers.

*Roscoe R. Lynn,* for appellant.

1. Both parties claim title through Isaac Adair, deceased. The complaint is sufficient. 53 Ark. 449; 79 *Id.* 532. The seven years statute of limitations is applicable and did not commence to run as to the remaindermen until the death of the life tenant. The suit was brought within two years. 69 Ark. 539.

2. The grant created an estate tail under the earliest decisions. 3 Ark. 147-195. But under Kirby's Dig., § 735, it created a life estate with remainder in fee simple absolute to appellants. 44 Ark. 458, 475; 67 *Id.* 517; 72 *Id.* 336; 75 *Id.* 21; 95 *Id.* 21; 98 *Id.* 570. No conveyance by the life tenant could affect the title of the remaindermen. 49 Ark. 125. If appellees own the half interest of Rogers, they and Ida M. Jackson are tenants in common, and they have totally denied Ida M. Jackson's rights and ejectment will be for her interest and rents and profits. 31 Ark. 345; 40 *Id.* 155.

3. The conveyance from Rogers only conveyed the life estate of the mother. The cause should have been transferred to equity as to Joseph J. Rogers. Kirby's Dig., § 6991; 85 Ark. 208; 87 *Id.* 206, 211; 107 *Id.* 70; 108 *Id.* 283, 291.

*F. M. Rogers,* for appellees.

1. The deed from Rogers and his mother vested Rogers' interest in fee simple in the appellees. "Living witnesses" can not be heard to explain away the effect of a deed in fee simple, or construe a will. This is for the court.

2. Jackson is barred by limitation. A demurrer raises the question of limitation at law or in equity.

Kirby's Dig., §§ 5980, 5981, 6093; 28 Ark. 7; 77 *Id.* 539; 95 *Id.* 333. Especially is this true when the complaint shows that the bar has attached.

3. By her conveyance Mrs. Adair "surrendered" her estate for life. 4 Kent 103; 16 Cyc. 645; 18 Am. & E. Enc. Law (2 ed.) 355; 71 Ark. 254. One tenant in common can oust another, and by holding adversely bar the other and acquire title. 42 Ark. 289.

4. The rule in "Shelly's case" is clearly stated in 4 Kent. 215 and 48 Ark. 303. The life estate was surrendered in 1892, and Jackson's right of entry accrued then. The act of her co-tenant amounted to ouster in law and she is barred.

McCULLOCH, C. J. This is an action to recover possession of a tract of land in Desha County, all of the parties claiming title to the land from a common source. The land was formerly owned by one Isaac Adair, who executed a deed on June 21, 1887, to his wife, Nancy J. Adair, "and the heirs of her body lawfully begotten." The plaintiffs, J. J. Rogers and Ida M. Jackson, are the only children of Nancy J. Adair, and the latter executed to the plaintiff, Rogers, on December 5, 1892, a deed of gift, conveying her interest in the property to him. On August 13, 1904, plaintiff Rogers and his mother, Nancy J. Adair, executed to the defendants a deed, conveying the property, and Nancy J. Adair died in the year 1911. These facts are set out in the complaint, and the defendants demurred.

(1) Plaintiff Rogers parted with his title and all interest in the land by executing a conveyance to the defendants. Therefore the trial court was correct in sustaining a demurrer as to him. It is alleged in the complaint that Rogers signed the deed "to convey only what title she (his mother) had previously conveyed to him, and that he at that time had no other title to convey, he having no further right or title until his mother's death." It is argued now that this allegation constituted grounds for transfer of the cause to equity.

We are unable to understand how this allegation can be construed as a statement of facts constituting grounds for equitable relief. It is shown in the complaint that the plaintiff Rogers conveyed away his interest in the land to the defendants, and the language quoted above does not impair the effect of his conveyance or afford any grounds for setting it aside.

(2) The case stands in a different attitude so far as concerns the rights of plaintiff Ida M. Jackson. The conveyance of Isaac Adair created what would at common law have constituted an estate tail, but which under the statutes of this State is converted into a life estate with remainder in fee to the persons to whom the estate tail would have passed. Kirby's Digest, § 735. In other words, Nancy J. Adair took an estate for life with remainder in fee to the plaintiffs, who are her only children. *Wilmans* v. *Robinson,* 67 Ark. 517; *Wheelock* v. *Simons,* 75 Ark. 19; *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18; *Dempsey* v. *Davis,* 98 Ark. 570.

(3) It is argued that the language of the conveyance brings it within the operation of the rule in Shelley's case, as discussed in the case of *Hardage* v. *Stroope,* 58 Ark. 303, but the language of the conveyance is different and does not fall within the rule. This is fully explained in *Wilmans* v. *Robinson, supra,* where the language of the two conveyances is distinguished. It follows, therefore, that plaintiff Ida M. Jackson is seized in fee simple of an undivided half of the lands in controversy, which interest was by the death of her mother freed from the life estate which encumbered it.

(4) It is urged, however, that the complaint shows on its face that the right of action of said plaintiff is barred by the statute of limitation, and for that reason the ruling of the court in sustaining the demurrer should be affirmed. The statute of limitation can not be raised by demurrer in actions at law, except in cases where the complaint shows affirmatively, not only that the statutory period has elapsed, but that no facts exist which takes the case out of the operation of the statute.

*Collins* v. *Mack,* 31 Ark. 684; *Hutchinson* v. *Hutchinson,* 34 Ark. 164; *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 49 Ark. 253.

(5) We deem it proper, however, in view of the fact that the case must be remanded for further proceedings, to say that according to the facts set forth in the complaint the action is not barred. The statute did not begin to run until the death of the life tenant, which occurred less than two years before the action was instituted. *Morrow* v. *James,* 69 Ark. 539.

(6-7) It is insisted that the conveyance by the life tenant to one of the remaindermen operated as a surrender of the life estate and extinguished it, and for that reason the statute of limitation began to run in favor of the defendants, who occupied the lands adversely from the time of the conveyance to them. That is undoubtedly the rule where there is such a surrender of the life estate as extinguishes it by merger into the estate in remainder. "Surrender," said Chancellor Kent, "is the yielding up of an estate for life or years, to him that hath the next immediate estate in reversion or remainder, whereby the lesser estate is drowned by mutual agreement." 4 Kent Comm. (14 ed.) p. 114. The existence of that rule has been recognized by this court. *Hayes* v. *Goldman,* 71 Ark. 251. So if there had been a surrender to the remaindermen which extinguished the life estate, the statute of limitation might run against the remaindermen. The conveyance by the life tenant to one of a number of remaindermen who are tenants in common does not, however, constitute a surrender so as to extinguish the life estate, as there is no merger in that case and the grantee of the life estate holds, as against his tenant or tenants in common, both estates separately. *Sperry* v. *Sperry,* 8 N. H. 477. The grantee of the life estate has, under those circumstances, a right to hold the estate for and during the life of the original life tenant and the statute does not begin to run against another tenant in common until the expiration of that estate.

The judgment is affirmed as to the plaintiff J. J. Rogers, but reversed as to plaintiff Ida M. Jackson and the cause remanded with directions to overrule the demurrer to the complaint.