## FLANAGAN *v.* RAY.

### Opinion delivered July 4, 1921.

1. PLEADING—SUFFICIENCY OF COMPLAINT—DESCRIPTION OF LAND.— A complaint seeking the recovery of land which describes it as the west part of the northwest fractional quarter of a certain section is not sufficient to identify the land.

2. LIMITATION OF ACTIONS—DEMURRER RAISING DEFENSE AT LAW.— As a rule, the statute of limitations can not be taken advantage of by a demurrer to the complaint in an action at law, unless the complaint shows that a sufficient time had elapsed to bar the action and the nonexistence of any ground of avoidance.

3. LIMITATION OF ACTIONS—DEMURRER RAISING DEFENSE IN EQUITY.— A defense of the statute of limitations may be interposed in equity by demurrer where the cause of action appears upon the face of the complaint to be barred and does not disclose facts sufficient to remove such bar.

4. JUDGMENT—DESCRIPTION OF LAND.—Where a decree contained an incorrect general description of certain land, followed by a correct, specific description, the particular description restrains and limits the general description.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; affirmed,

*J. E. London,* for appellant,

1. It was error to transfer the cause to chancery. Plaintiff (appellant) set up a title in ejectment. No equitable defense was set up.

2. It was error to refuse to make McFarlane a party to the action. Defendant made the issue turn upon transactions with McFarlane, who was an indispensable party. See 49 Ark. 87; Kirby's Dig., § 600; 74 Ark. 414; 86 Ark. 304.

3. The judgment relied on is invalid for failure to show that defendant therein (appellant) was summoned or was present.

4. The judgment relied on was satisfied. The court erred in holding that the matter was *res judicata*.

5. We ask that defendant be required to pay $500 with interest, and restored to his home, or that the cause be transferred to a master with instructions to state an account, making McFarlane a party, and to treat the defendants as mortgagees in possession.

Appellee, *pro se.*

1. Appellant waived objection to the transfer to equity. 83 Ark. 1; 80 Ark. 65. An action at law may be transferred to equity because of the equitable nature of the defense. 91 Ark. 464; *Ward v. Blythe*, 92 Ark. 208. No exception was saved to the order of transfer.

2. The demurrer to the complaint should have been sustained, as the description of the land was insufficient. 80 Ark. 458. Also because the complaint shows defendant's adverse possession for the past eight years. 46 Ark. 438; 39 Ark. 158. Under Crawford & Moses' Digest, § 6946, the action to set aside a judicial sale should be brought within five years.

3. The plea of *res judicata* was properly sustained. 79 Ark. 210.

WOOD, J. This action was instituted by the appellant against the appellee in the Sebastian Circuit Court. The appellant alleged that he was the owner and entitled to the possession of the west part of section 30, township 8 north, range 30 west, in Sebastian County, Arkansas,

containing 37 2/3 acres. Appellant deraigned title through Abram Smith and his wife, who acquired title through Albert Schular. The deed, which was exhibited with his complaint, described the land as follows: West part of the northwest fractional quarter of section 30, township 8 north, range 30 west, containing 37.94 acres, more or less. Appellant alleged that the appellee was in the wrongful possession of the land, and had been for more than four years, to appellant's damage in the sum of $500.00. The prayer was for possession and damages in that sum.

The appellee moved to transfer the cause to the chancery court. He alleged in his motion that the present suit was the third for the determination of the title, and the right to possession of the land described in appellant's complaint; that the two former suits were between the appellant and R. W. McFarlane; that the appellee deraigned title through McFarlane, who acquired title through a decree and sale of the land by the chancery court.

The appellant replied to the motion to transfer and alleged that this was an action in ejectment, and that the appellant must recover upon the strength of his own title, and that the motion to transfer does not set out any equitable defense; that the allegation that the suit had been before determined in the chancery court, if true, would not entitle the appellee to attack a decree or judgment of the chancery court in this action; that the issue here raised by the plaintiff's complaint was purely one at law, which, on the issues of fact, called for the intervention of a jury. There is no record entry showing that the cause was formally transferred to the chancery court; but there is an entry showing that a "reply and cross complaint" was filed in the chancery court, and the cause proceeded to a decree in that court, from which comes this appeal.

We must presume, therefore, that the cause was duly transferred to the chancery court, and, in the absence of any showing in this record that the appellant

excepted to the ruling of the court in transferring the cause, we must assume that he waived any objections that he might have to such transfer. The so-called "reply and cross complaint," which in reality is but an amended complaint, alleged in substance that the appellant executed a note to John H. Holland for the sum of $500; that a mortgage on the land was prepared and given appellant to execute, but it is not true that the mortgage executed by appellant was on the land involved in this suit, as the record will show; that of the proceedings had in the chancery court appellant's information is of the most meager kind, but he is informed that a judgment was entered against him in favor of R. W. McFarlane; that an execution was issued and levied on the lands described in the decree, which was the east part of the northwest fractional quarter of section 30, township 8 north, range 30 west, in Sebastian County; that these lands were sold; that a writ of possession was issued by the clerk without notice to the appellant and without an order of the court, and that under this writ of possession McFarlane wrongfully took possession, not of the land above described in the decree, but of the west part of the northwest fractional quarter of section 30, township 8 north, range 30 west, in Sebastian County, and also of the southeast quarter of northwest quarter of section 29, township 8 north, range 30 west, in Sebastian County; that McFarlane took possession of the lands and sold them to one Pittman and Pittman sold them to the appellee, Ray. Appellant reiterated his source of title to the first-named tract, and also deraigned title to the last-named tract through a deed from F. E. Pence and wife. Appellant alleged that the decree and conveyance thereunder did not have the effect of divesting appellant of title to the lands. The appellant then alleged that the land had been in the wrongful possession of the appellee and those under whom he claimed for the past eight years; that the rental value on the land in section 30 was $150 per year, or a total of $1,200 for the eight years, and the rental value of the land in section 29 was

$100 per year, or $800 for the eight years. The appellant concluded his ''reply and cross complaint'' with a prayer for an accounting, and that the appellee be treated as a mortgagee in possession; that appellant have judgment for possession, for damages, and that the commissioner's deed be cancelled as a cloud on his title. The appellant then asked that R. W. McFarlane be made a party defendant.

The appellee filed a general demurrer to the effect that the complaint did not state facts sufficient to constitute a cause of action, and also an answer. In his answer he admitted that McFarlane was in possession of the land in controversy, and had sold the same to Pittman, and that Pittman sold the same to the appellee. He alleged that he had been in peaceable, notorious, continuous and adverse possession of the land described in the appellant's complaint for more than eight years, and had paid the taxes thereon. He denied all the other allegations of the complaint and set up that he was a *bona fide* purchaser of the lands under the decree of the chancery court of Sebastian County, which had never been appealed from; that the appellee filed a bill of review seeking to set aside the decree and the issue was decided against the appellant. Appellee filed as an exhibit to his answer the decree of the chancery court, entered on the first day of July, 1910, which showed a decree in favor of R. W. McFarlane against the appellant, awarding him the possession of the land described therein as follows: ''* * * Also the fractional east part of the northwest quarter of section 30, township 8 north, range 30 west, containing 37.67 acres, and more particularly described as follows: Beginning in section thirty, township eight north, range thirty west, at a corner 23 chains west of center of section thirty * * *, thence running west * * * 2.00 chains to the east bank of Vache Grasse Creek, thence north 47¾ degrees west 6.00 chains; thence north 48 degrees west 7.00 chains; thence north 77¾ degrees west 11.10 chains; thence north 3 degrees west 6.00 chains; thence north 59 degrees east 5.00 chains; thence

north 68½ degrees east 6.50 chains; thence north 77 degrees east 2.50 chains; thence north 57½ degrees east 10.00 chains; thence north 63 degrees east 5.18¾ chains * * * thence running south 27.78 chains to the point of beginning, being all the land owned by R. T. Flanagan in said quarter section."

The appellant moved to strike the answer from the files because it was not filed in the time allowed by law and because it did not state a defense to the allegations of the appellant's cross-complaint and set up new matter. The court overruled this motion, to which the appellant excepted. Appellant offered to testify that property of the aggregate value of $1,240, according to an itemized list, was taken from him by the sheriff under a process at the instance of McFarlane; that certain parties had paid McFarlane the sum of $500 for the appellant; that the rents on the lands taken from him under the decree of the chancery court were worth $2,000, and that a certain tenant had paid McFarlane the sum of $125 rent. He offered to introduce two executions in favor of McFarlane showing that a large amount of property had been taken from appellant. The court refused to permit this testimony to be introduced, to all of which the appellant excepted. The appellant introduced the deed from Smith and wife in which the land was described as in his original complaint, and also introduced a mortgage from appellant to Holland conveying real and personal property and, among other lands, the following: "* * * Also the fractional east part of the northwest quarter of section 30, township 8 north, range 30 west, containing 37.67 acres, being all of said quarter section owned by me."

The court found that the title to the land had been previously litigated in a decree, and also in a proceeding to review a former decree of the court. The court, thereupon entered a decree dismissing the appellant's complaint for want of equity, from which is this appeal.

There are at least three reasons why the judgment of the court must be affirmed. In the first place, the de-

scription of the land in the complaint is not sufficient to identify the land. The complaint therefore does not state a cause of action. *Evans* v. *Russ,* 131 Ark. 335-341; *Smith* v. *Smith,* 80 Ark. 458-461. See, also, *Peters* v. *Priest,* 134 Ark. 161-165.

In the second place, the complaint, on its face, shows that the appellee had acquired title through the statute of limitations, for it is alleged "that said lands have been in the possession of the defendant for the past eight years;" that the defendant wrongfully took possession of the lands under a decree which did not describe the lands in controversy, but described the east part of the northwest fractional quarter of section 30, township 8 north, range 30 west, in Sebastian County, etc." Other facts alleged in the pleadings show that the appellee and those under whom he claimed had been holding the lands in controversy continuously, openly and notoriously claiming to own the same for eight years. In *Dowell* v. *Tucker,* 46 Ark. 438-452, we said: "As a rule the statute of limitations cannot be taken advantage of by a demurrer to the complaint in an action at law, unless the complaint shows that a sufficient time had elapsed to bar the action and the nonexistence of any ground of avoidance. That is done by the complaint in this case." So here. *Rogers* v. *Ogburn,* 116 Ark. 233. See also, *Earnest* v. *St. Louis, Memphis & S. E. Ry. Co.,* 87 Ark. 65.

Furthermore, although this action was begun at law, it was transferred to chancery, and must be treated as a cause of action in equity. "A defense of the statute of limitation may be interposed by demurrer in equity where the cause of action appears upon the face of the complaint to be barred and does not disclose facts sufficient to remove such bar." *Mueller* v. *Light,* 92 Ark. 522; *Evans* v. *Pettus,* 112 Ark. 572-580. See, also, *Riley* v. *Norman,* 39 Ark. 158. The court, therefore, might have sustained the demurrer to the complaint which fails to state a cause of action.

In the third place, the court was correct in finding on the trial from the pleadings, exhibits, and testimony in the case that the title to the tract of land in controversy had been previously adjudicated. The erroneous description of the land contained in the decree under which the appellee claims title, which described the land as the east part of the northwest fractional quarter of section 30, township 8 north, range 30 west, is followed by a specific description. This particular description, which embraces the land in controversy, restrains and limits the general description. *Doe* v. *Porter,* 3 Ark. 18.

The decree is therefore in all things correct, and it is affirmed.