## MILES v. SCALES.

## Opinion delivered June 13, 1927.

1. FRAUDS, STATUTE OF—CONTRACTS FOR SALE OF LAND.—Under the Statute of Frauds (Crawford & Moses' Dig. § 4862), a contract for the sale of lands or any interest therein, to be valid, must be in writing.

2. MONEY LENT—SUFFICIENCY OF COMPLAINT.—A complaint alleging purchase of an interest in an oil lease on named land, that the price was prorated equally between plaintiff and defendant and two others, that plaintiff advanced defendant's part of the purchase money, and that, on a sale of the interest, defendant was credited with a *pro rata* amount of the sale price, leaving a balance due from him to plaintiff, *held* to state a cause of action for money loaned.

3. LIMITATION OF ACTIONS—WHEN DEFENSE RAISED BY DEMURRER.— The statute of limitations cannot be taken advantage of by demurrer, unless the complaint shows that the action is barred.

Appeal from Union Circuit Court, Second Division; *W. A. Speer*, Judge; reversed.

*Kitchens & Harris*, for appellant.

*Mahony, Yocum & Saye* and *Patterson & Rector*, for appellee.

MEHAFFY, J.  On November 24, 1925, the appellant, plaintiff below, filed in the circuit court his complaint, alleging that, on the 6th day of November, 1922, plaintiff, together with E. L. Pye, H. M. Johnson and the defendant, J. L. Scales, purchased an undivided one-sixteenth interest in and to all of the oil, gas and other minerals, covering 160 acres of land located in section 3, township 16 south, range 16 west, Union County, Arkansas, the title to said interest so acquired being taken in the name of H. M. Johnson as trustee; that the purchase price paid for said property was $11,160, same being pro-rated equally between said H. M. Johnson, E. L. Pye and this plaintiff and defendant; that on the 6th day of November, 1922, the day upon which said purchase money was paid, it was understood and agreed between this plaintiff and defendant that the amount owing by defendant as his part of the purchase price, to-wit, the sum of $4,790, would be advanced for him as a loan by plaintiff in payment of his interest in said property; that, pursuant to said understanding and agreement, plaintiff then and there paid said sum of money for and on behalf of defendant; that thereafter, on the 28th day of November, 1922, an undivided one-fourth interest of the aforesaid one-sixteenth interest in said property so acquired by this plaintiff and defendant together with the said E. L. Pye and H. M. Johnson, was sold for the sum of $5,000, and the part due the defendant therefor, to-wit, $1,250, was, by agreement between defendant and plaintiff, duly credited on the sum of $2,790 loaned by plaintiff to defendant in the manner hereinabove alleged; that there now remains due this plaintiff the sum of $1,540, and no part thereof has been paid.  Plaintiff states that on the 20th day of October, 1925, and at numerous times subsequent thereto, he has demanded said sum of $1,540 from this defendant, but he has not repaid the same. Wherefore, premises considered, plaintiff prays judgment against defendant in the sum of $1,540, and for all proper relief."

The appellee, who was defendant below, filed a motion to require plaintiff to make his complaint more specific and certain, which is as follows:

"Comes the defendant, J. L. Scales, and moves the court to require plaintiff to make his complaint more specific and certain in this:

"First. Whether the contract of November 6, 1922, alleged as between plaintiff and defendant for the sale and purchase of an interest in land, was in writing; and, if said alleged contract be in writing, that plaintiff be required to amend his complaint so to state, and also to attach to the complaint the original or a copy of said contract as exhibit thereto.

"Second. Whether the alleged agreement of November 28, 1922, as between plaintiff and defendant, under which it is alleged that defendant agreed with plaintiff that a payment of $1,250 be credited on the sum of $2,790 alleged to have been loaned by plaintiff to defendant was in writing; and, if in writing, that plaintiff be required to so allege and attach a copy of said written contract or agreement to his complaint and make same part thereof. And that the defendant have his costs herein."

The plaintiff thereafter, in response to said motion, filed the following:

"That there was no contract of sale and purchase between this plaintiff and defendant of an interest in the land described in plaintiff's complaint, as stated in defendant's motion. That the only contract or agreement between plaintiff and defendant related to defendant's part of the consideration paid for his interest in said land, which, as stated in the complaint, was loaned to defendant by plaintiff at the time said interest was purchased, and said agreement as to said loan being an oral one. In further response to that part of defendant's motion requiring plaintiff to state as to whether the credit of $1,250 on said loan made by plaintiff to defendant was in writing, plaintiff states that said agreement as to said credit was an oral one."

Defendant then filed a demurrer, which is as follows:

"Comes the defendant and demurs to the complaint, and for grounds states:

"First. The complaint does not state facts sufficient to constitute a cause of action against the defendant.

"Second. The complaint shows on its face that there was no lending of money by plaintiff, nor borrowing of money by defendant, but, if there was a contract or agreement of any kind between plaintiff and defendant as alleged, it was a contract of sale and purchase of an interest in land, and within the statute of frauds, and for that reason void.

"Third. That the complaint shows on its face that, if there was such a contract as alleged by plaintiff between him and defendant, plaintiff's cause of action is barred by the three-year statute of limitation.

"Wherefore defendant prays that plaintiff's complaint be dismissed and that he have his costs herein."

The court found that the demurrer to the complaint should be sustained and the complaint dismissed, unless plaintiff should amend. The plaintiff refused to amend or plead further, and the complaint was dismissed, to which finding, order and judgment of the court the plaintiff excepted, and prayed an appeal to the Supreme Court, which was granted.

If this was a suit alleging a verbal contract for the sale of lands or any interest in or concerning them, it would be void under the statute of frauds, for such contract, to be valid, must be in writing. But we think the suit is simply an action to recover money, and, as we view it, therefore it is wholly unnecessary to discuss the statute of frauds or whether there was any resulting trust or any other questions discussed by the attorneys, for the reason that we think the complaint shows that it is simply a suit to collect money which plaintiff alleges he loaned to the defendant.

If the defendant loaned any amount of money to the plaintiff and plaintiff paid the money for an interest in

the land, and the deed was made to a trustee, or if defendant had borrowed the money from plaintiff and used it for this or any other purposes, plaintiff would have a right to maintain a suit for the borrowed money. And if the money was actually loaned, it would make no difference whether the lender handed the money to the borrower or paid it for the borrower. In either event it would simply be a loan of money.

It is alleged in the complaint that the property was afterwards sold for a less sum than the plaintiff and others gave for it, and that, by agreement, defendant's part of the amount received was applied on the debt that he owed plaintiff, leaving a balance due plaintiff of $1,540. We think this states a cause of action for money loaned by plaintiff to defendant, and that the court erred in sustaining the demurrer.

We held in a recent case that, in actions at law, the statute of limitations cannot be taken advantage of by demurrer unless the complaint shows that the action is barred, and, among other things, said:

"As a rule, the statute of limitations cannot be taken advantage of by a demurrer to the complaint in an action at law, unless the complaint shows that a sufficient time had elapsed to bar the action and the non-existence of any ground of avoidance." *Brown* v. *Ark. Central Power Co.,* ante p. 177, 294 S. W. 709.

The case is therefore reversed, and remanded with directions to overrule the demurrer.