SMITH v. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered November 28, 1927.

1.  DEATH—STATUTORY CAUSE OF ACTION.—The right to maintain an action for personal injury, resulting in death, depends on the statutes of the State, since at common law no cause of action for personal injury survives the death of the injured person.

2.  DEATH—ACTION FOR PAIN AND SUFFERING—LIMITATION.—The right of action for benefit of the estate for conscious pain and suffering of plaintiff's intestate before death is governed by Crawford & Moses' Dig., §§ 1070 and 6950, fixing a three-year limitation.

3.  DEATH—ACTION FOR BENEFIT OF WIDOW AND NEXT OF KIN—LIMITATION.—A cause of action for the wrongful act, neglect, or default, of another, causing death, brought for the benefit of the widow and next of kin, under Crawford & Moses' Dig., § 1074, is barred under § 1075, after two years.

4.  LIMITATION OF ACTIONS—WHEN DEFENSE RAISED BY DEMURRER.—Where a complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, the question may be raised by demurrer.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed in part.

*E. F. Duncan,* for appellant.

*Thos. B. Pryor* and *H. L. Ponder,* for appellee.

McHANEY, J. Appellant's intestate, Heairl Smith, received a personal injury on June 9, 1921, at a public crossing on appellee's railroad at or near Hoxie, Arkansas, from which he suffered conscious pain and suffering for a period of twelve hours, and thereafter died. His mother, the appellant, was thereafter appointed administratrix, and on June 5, 1924, nearly three years after the death of said intestate, suit was brought in the Lawrence Circuit Court for the Eastern District, to recover damages for the estate against appellee, for the alleged wrongful injury, causing conscious pain and suffering, and the alleged wrongful death of said intestate, for the benefit of the next of kin. This cause was, on the petition of appellee, removed to the Federal court at Jonesboro, where, on May 4, 1925, a nonsuit was taken, and the present action was instituted in the Jackson Circuit Court on April 29, 1926. The above facts

were alleged in the complaint. In apt time appellee demurred to the complaint, on the grounds, first, that the complaint did not state a cause of action; and, second, that the complaint showed on its face that the deceased was killed by a train of appellee on the 9th day of June, 1921, and that the first complaint in this cause was filed on June 5, 1924, and the action was therefore barred by the statute of limitations. The court sustained the demurrer, and, upon appellant's declining to plead further, judgment was rendered for appellee, and appellant has duly prosecuted an appeal to this court.

The only question presented for our consideration is the statute of limitations controlling in such case. At common law, no cause of action for personal injury survived the death of the injured person, and therefore appellant's right to maintain this action depends upon the statutes of this State, the injury and death having occurred in this State. In the case of *Ernest* v. *St. Louis, Memphis & S. E. Ry. Co.,* 87 Ark. 65, 112 S. W. 141, this court said: "At common law a right of action existed for the injury of a person, which did not result in death, but no right of action existed for the death of a human being." Again, in the same case, the court said: "The general rule is that, where a cause of action does not exist at common law, but is created by the statutes of a State, it only exists in the manner and form and for the length of time prescribed by the statutes of the State which created it." The court cited a number of cases sustaining this proposition of law. Again the court said, in the same case: "Therefore we conclude that it is now well settled that, where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control, no matter in what forum the action is brought." *Anthony* v. *St. Louis, I. M. & S. Ry. Co.,* 108 Ark. 219, 157 S. W. 394.

The next question to be determined is what statute of limitations is applicable. Appellant contends that the three-year statute is applicable, and, having brought her first action within three years, on which a nonsuit was taken after removal to the Federal court, and having reinstated the same within one year after nonsuit, she is within the period of limitations, and contends that the action is governed by §§ 1070 and 6950, C. & M. Digest. The first of these sections is as follows:

"For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, in the same manner and with like effect in all respects as actions founded on contracts." And § 6950 is the statute fixing three years of limitations on "all actions founded upon any contract or liability, express or implied, not in writing." Section 1070 is applicable to this case for the benefit of the estate for conscious pain and suffering, and the three-year statute applies. *St. L. I. M. & S. Ry. Co.* v. *Robertson,* 103 Ark. 361, 146 S. W. 482.

The section of the Digest providing for a cause of action for wrongful act, neglect or default of another, causing death, for the benefit of the widow and next of kin, is § 1074, and the section immediately following, § 1075, provides how the action shall be brought and the period of limitations governing. It reads as follows:

"Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and, if there be no personal representatives, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and, in every such action, the jury may give such damages

as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person. Provided, every such action shall be commenced within two years after the death of such person.''

The above section is commonly known and referred to as ''Lord Campbell's Act.'' And this court, in the case of *Anthony* v. *St. Louis, I. M. & S. Ry. Co., supra,* held that the period of limitations fixed in the proviso ''that every such action shall be commenced within two years after the death of such person,'' precludes every person, including minors, from maintaining a cause of action thereunder after the two-year statutory bar has elapsed. In that case the court said: ''It follows that the bringing of the suit within two years from the death of the person whose death has been caused by the wrongful act is made an essential element of the right to sue.'' It will therefore be seen that the very sections of the statute giving rise to the cause of action for the benefit of the next of kin on account of death provide a limitation of two years in which the suit may be brought, and is controlling here. It necessarily follows that this part of the cause of action was barred by the two-year statute, and appellant, not having brought her original suit for this damage within that time, is barred now from maintaining same, provided this question can be raised by demurrer, as was done in this case. This court has frequently held, and we now hold again, that, where the complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, the question may be raised by demurrer. *Rogers* v. *Ogburn,* 116 Ark. 233, 172 S. W. 867; *Ernest* v. *St. Louis, N. & S. E. Ry. Co.,* 87 Ark. 65, 112 S. W. 141; *Flanagan* v. *Ray,* 149 Ark. 411, 232 S. W. 600; *Anthony* v. *St. Louis, I. M. & S. Ry. Co.,* 108 Ark. 219, 157 S. W. 394; *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 63 Ark. 563, 40 S. W. 463.

No ground of avoidance is shown in the complaint. The court erred in sustaining the demurrer to that part

of the complaint claiming damages for the benefit of the estate for conscious pain and suffering, and correctly sustained it as to all other damages.

Reversed, and remanded.