STATE, USE MONTGOMERY COUNTY, *v.* WITT.

4-4659

Opinion delivered May 24, 1937.

*Murphy & Wood, John A. Sherrill* and *Osro Cobb,* for appellants.

*C. E. Johnson, Martin, Wootton & Martin, C. H. Herndon* and *Harold Watkins,* for appellees.

McHANEY, J.   On January 21, 1926, the county court of Montgomery county, presided over by appellee, W. J. Ellington, entered an order ascertaining and declaring the outstanding indebtedness of the county to be $120,-218.   Thereafter, a bond issue was authorized by appropriate orders and bonds were sold in the sum of $112,000, which amount paid off the outstanding indebtedness.   On July 30, 1936, more than ten years later, this action was instituted by the then county judge, Joe H. Demby, in the name of the state for the use of the county, charging, in effect, that the indebtedness of the county, prior to the bond issue, amounted approximately to $100,000 represented by county scrip or warrants issued on the basis of fifty cents on the dollar, that is, for a dollar debt a two-dollar warrant was issued; that appellee Ellington was county judge, Watkins was county clerk, Elder was county treasurer and Radford

was president of the bank in which all county funds were kept; that county warrants were worth from thirty to fifty cents on the dollar and could have been bought at such prices during the years 1925-26, which was well known to appellees; that appellees conspired together to buy up the warrants at the price stated, sell bonds and cash the warrants at par and thus defraud the county; that appellee Witt was taken into the conspiracy, because he was a lawyer, to help with the legal phases of the enterprise; that they accomplished the purpose of the conspiracy, and thereby defrauded the county out of a large sum of money and that the matter was not discovered until an audit was made of the county books in 1936 by the State Comptroller, and that the facts had been fraudulently concealed from the prosecuting attorney and the taxpayers. Prayer was for an accounting and for judgment against appellees for the amount the county was damaged or for the profits made by them in the transaction, and for the appointment. of a master to determine the matter. To this complaint a demurrer was interposed and sustained, whereupon appellants offered to amend, alleging that Witt was attorney for the county in the matter of refunding its indebtedness; that Radford was the agent of the county in all such matters; that they and the county judge, acting together, secured options on county warrants and claims of the face value of more than $100,000 at from thirty-five to seventy-two cents on the dollar, and that, after the bond issue was sold, the proceeds were placed in Radford's bank, and the county's money used in exercising such options, which warrants and claims were cashed by them at eighty-five cents on the dollar, or a gross profit of more than $35,000; that they caused records to be made which concealed. the fact of their purchase and that the records of the treasurer showing to whom the money was paid was removed by them from the clerk's files to conceal the fact that they had received any part of said funds. The court refused to consider this amendment, dismissed the complaint, and the case is here on appeal.

We think the court correctly sustained the demurrer and dismissed the complaint as being without equity.

If a complaint shows on its face that the cause is barred by the statute of limitations, it may be reached by demurrer, unless a ground of avoidance is shown. *Smith v. M. P. Rd. Co.*, 175 Ark. 626, 1 S. W. (2d) 48. Here, the complaint shows the transactions complained of occurred in 1925 and 1926. On January 21, 1926, the county court made an order ascertaining and declaring the amount of the county's indebtedness. Section 1 of act 210 of 1925, the enabling act for Amendment No. 10 which authorizes the procedure taken, provides that "any property owner who is dissatisfied may, by suit in the chancery court of the county brought within thirty days after the publication of such order * * * have a review of the correctness of the finding made in such order * * *; but if no such suit is brought within thirty days, such finding shall be conclusive of the total amount of such indebtedness, and not open to further attack * * *." It will be seen by this act that the order of the county court must be published and any property owner who is dissatisfied with the amount of the indebtedness as thus ascertained has thirty days from the date of publication to have a review. If not done in the period stated the order becomes final. This is a collateral attack on the order of the county court ascertaining and declaring the county's indebtedness, and cannot be maintained for the purpose of showing it was wrongfully made. Moreover, the public records of the county reflected the fact that a funding of the county's debts was to be had. The amount of the debts was determined and the amount of the bond issue was fixed by order of the county court, of which all taxpayers had either actual or constructive notice. Suit was not begun against appellees for more than 10 years. No facts are alleged which justify a postponement of the running of the statute of limitations. The fact that the State Comptroller made an audit in 1936, and that the facts were not discovered until that time is not sufficient to toll the statute. The records must have reflected the matters found by the Comptroller, and they were available to any taxpayer. The amendment offered added nothing additional to remove the bar of the stat-

ute. It alleges that appellees Witt, Radford and Ellington removed the county treasurer's records from the clerk's files to cover up the fact that they had received any part of said funds. It does not allege what records of the treasurer were removed from the clerk's files nor when they were removed, whether before or after the statutory bar.

The court correctly sustained the demurrer to the complaint, so the decree is accordingly affirmed.

GRIFFIN SMITH, C. J., disqualified and not participating.