RENNER *v.* PROGRESSIVE LIFE INSURANCE COMPANY.

4-4735

Opinion delivered October 11, 1937.

*John W. Nance,* for appellant.

*E. M. Arnold* and *Duty & Duty,* for appellees.

MEHAFFY, J. This is the third appeal in this case. The last appeal was *Renner* v. *Progressive Life Insurance Company,* 193 Ark. 504, 101 S. W. (2d) 426, decided by this court on January 25, 1937, and the first appeal is *Renner* v. *Progressive Life Insurance Company,* 191 Ark. 836, 88 S. W. (2d) 57. A history of the case and the facts are stated in these two opinions, and it would serve no useful purpose to restate them in this opinion.

In this case, in the Benton circuit court, a demurrer was sustained, and judgment entered against appellant, from which comes this appeal.

It is contended by the appellees that the complaint shows upon its face that the cause of action is barred by the statute of limitations. Appellant contends that § 1189 of Crawford & Moses' Digest sets out the grounds of demurrer, and prescribes the limits of the grounds of demurrer. That section reads as follows:

"The defendant may demur to the complaint where it appears on its face, either:

"First. That the court has no jurisdiction of the person of the defendant, or the subject of the action; or

"Second. That the plaintiff has not legal capacity to sue; or,

"Third. That there is another action pending between the same parties for the same cause; or,

"Fourth. That there is a defect of parties, plaintiff or defendant; or,

"Fifth. That the complaint does not state facts sufficient to constitute a cause of action."

It is conceded by appellant that this court has held in numerous cases that, if the complaint shows upon its face that the cause of action is barred by limitation, that question may be raised by demurrer; but he contends that the Legislature has power to prescribe and limit the grounds of demurrer, and that it has done so in the section above quoted.

This court has frequently said that where the complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, this question may be raised by demurrer. In the case of *Smith* v. *Missouri Pacific Rd. Co.*, 175 Ark. 626, 1 S. W. (2d) 48, we said:

"This court has frequently held, and we now hold again, that, where the complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, the question may be raised by demurrer." *Rogers* v. *Ogborn*, 116 Ark. 233, 172 S. W. 867; *Ernest* v. *St. Louis, M. & S. E. Ry. Co.*, 87 Ark. 65, 112 S. W. 141; *Flanagan* v. *Ray*, 149 Ark. 411, 232 S. W. 600; *Anthony* v. *St. L. I. M. & S. Ry. Co.*, 108 Ark. 219, 157 S. W. 394; *St. L. I. M. & S. Ry. Co.* v. *Sweet*, 63 Ark. 563, 40 S. W. 463; *Miles* v. *Scales*, 174 Ark. 412, 295 S. W. 375; *Smith* v. *Missouri Pacific Rd. Co.*, 175 Ark. 626, 1 S. W. (2d) 48; *Western Clay Drainage Dist.* v. *Wynn*, 179 Ark. 988, 18 S. W. (2d) 1035.

There are many other decisions of this court to the same effect. The rule is, therefore, well established that if the complaint shows on its face that the cause of action

is barred by the statute of limitations, a demurrer will be sustained.

It is the contention, however, of the appellant that the amendment to his complaint related back to the time of filing the original complaint.

We said in the case of *Love* v. *Couch,* 181 Ark. 994, 28 S. W. (2d) 1067, in deciding the question now before us: "It is insisted by the appellants that the amendment will relate back to the filing of the original complaint, citing *Holland* v. *Rogers,* 33 Ark. 251, and *Western Coal Mining Co.* v. *Corkille,* 96 Ark. 387, 131 S. W. 963, in support of this contention. But those cases are not authority for the contention made in the instant case, for the reason that the amendment of August 4, 1926, was not an amplification of the cause of action set out in the complaint first filed or of any of the amendments thereto, but was an independent and distinct cause of action, and an adverse judgment on the cause of action alleged in the original complaint would not be a bar to recovery on the cause of action stated in the amendment of August 5, 1926." *McDonald* v. *Mueller,* 123 Ark. 226, 183 S. W. 751; *Cottonwood Lbr. Co.* v. *Walker,* 106 Ark. 102, 152 S. W. 1005, 45 L. R. A. (N. S.) 429; *Davis* v. *Chrisp,* 159 Ark. 335, 252 S. W. 606.

In the last case, this court said: "Our cases also hold that where there is an amendment stating a new cause of action or bringing in new parties interested in the controversy, the statute of limitations runs to the date of the amendment and operates as a bar when the statutory period of limitation has already expired."

The original cause of action was an action on contract. The cause of action stated in the amended complaint was in tort. This court, in this case, when it was here on appeal January 25, 1937, expressly held that the cause of action stated in the amendment was in tort. The original complaint being an action on contract, the amendment was not in any sense an amplification of the cause of action stated in the original complaint, but was a new and distinct cause of action in tort. Therefore, the statute of limitations run until the time of filing

the amendment, and at that time the cause of action for the tort was barred by the statute of limitations.

Holding, as we do, that the cause of action was barred by limitations, it is unnecessary to decide the other questions discussed by counsel.

The action was barred by the statute of limitations, and the judgment is affirmed.