## Barbara PRUITT *v.* Elbert T. PRUITT and Mrs. Elbert T. PRUITT and JOHN MATTHEWS CO.

CA 80-283                                          609 S.W. 2d 84

### Court of Appeals of Arkansas
### Opinion delivered December 10, 1980

*J. Roy Howard*, for appellant.

*Howell & Price, P.A.*, and *Catlett & Stubblefield*, by: *S. Graham Catlett*, for appellees.

DAVID NEWBERN, Judge. The question we find to be controlling here is whether the appellant's amended complaint against the appellee, Elbert T. Pruitt, stated a claim which was barred by the statute of limitations. We agree with the chancellor that, if a claim was stated by the amended complaint, it was barred. We also agree with the chancellor that there was no showing of the negligence alleged against the appellee John Matthew Co., and thus we affirm the judgment favoring all of the appellees.

Barbara and Elbert Pruitt were divorced in 1970. Before their divorce, they had contracted to buy a parcel of land from the John Matthews Co. (Matthews). The divorce decree

awarded the land in question to Elbert Pruitt, and after the divorce he continued to make the payments on it to Matthews. When the land had been paid off, Matthews conveyed it to Elbert Pruitt.

The appellant's initial complaint, which was served in May, 1975, sought reformation of the deed from Matthews to Elbert Pruitt to make it one conveying the land to the appellant and Elbert Pruitt by the entireties. She contended the chancellor exceeded his authority in the divorce decree when she was effectively deprived of her equitable interest in the land arising from the purchase contract to which she was a party.

At the time the complaint was served, the land had been conveyed by Elbert Pruitt and the woman he married after the divorce to Paul Brooks. Thus, the complaint prayed that, if Brooks were determined to be a bona fide purchaser of the land without notice of the appellant's claim, Matthews be held liable for damages in the amount of the value of half the land. The theory of the action against Matthews was one of negligence in conveying the land to Elbert Pruitt without naming the appellant as a grantee.

By an order of December 4, 1979, the chancellor held that Brooks was a bona fide purchaser for value without notice. Thereafter, the appellant amended her complaint to state that Elbert Pruitt had been guilty of fraud at the time the divorce decree was entered because he had informed the court that the appellant had only a "dower interest" in the land.

1. *The claim against Matthews.*

The chancellor found that Matthews was not negligent in conveying the land to Elbert Pruitt in reliance upon the divorce decree purporting to award the land to him. We find nothing in the record which would show that finding was clearly erroneous. A. R. Civ. P. 52(a).

2. *The claim against Pruitt.*

The chancellor found the claim against Elbert Pruitt was

a tort claim and was barred by the three-year statute of limitations applicable to tort claims not specifically covered by other statutes of limitations, presumably Ark. Stat. Ann. § 37-206 (Repl. 1962). *Bankston* v. *Davis*, 262 Ark. 635, 559 S.W. 2d 714 (1978); *Burton* v. *Tribble*, 189 Ark. 58, 70 S.W. 2d 503 (1934); *Field* v. *Gazette Publishing Co.*, 187 Ark. 253, 59 S.W. 2d 19 (1933). Whether the claim is one in deceit for damages or a restitutionary claim based on fraud, we agree it was clearly barred. The statute of limitations which applies to "actions not otherwise provided for" provides a five-year limitation. Ark. Stat. Ann. § 37-213 (Repl. 1962). *Williams* v. *Purdy, Executrix*, 223 Ark. 275, 265 S.W. 2d 534 (1954); *Kahn* v. *Hardy*, 201 Ark. 252, 144 S.W. 2d 725 (1940).

The fraud was alleged to have occurred at the time the divorce decree was rendered, *i.e.*, August 20, 1970. The chancellor found a copy of that decree had been served on the appellant on that date. While the initial complaint in this action was served in May, 1975, and thus within the five-year period, it did not toll the statute with respect to any action against Elbert Pruitt based on fraud. Although that complaint asked for a remedy against Elbert Pruitt, it stated no claim or "cause of action" against him, as it did not allege facts showing he had committed fraud, negligence or breach of contract or any other actionable conduct.

If an amended complaint sets forth a new cause of action, it will not relate back to the initial complaint for the purpose of tolling the statute of limitations. The clearest holding to that effect by our supreme court was in *Renner* v. *Progressive Life Ins. Co.*, 194 Ark. 874, 109 S.W. 2d 1245 (1937), where it was held that an amendment stating a tort cause of action did not relate back to the complaint which originally was in contract. Quoting from *Davis* v. *Chrisp*, 159 Ark. 335, 252 S.W. 606 (1923), the court said:

> Our cases also hold that where there is an amendment stating a new cause of action . . . the statute of limitations runs to the date of the amendment and operates as a bar when the statutory period of limitation has already expired. [194 Ark. at 876].

This statement has more recently been approved in dictum in the case of *Bridgmen* v. *Drilling*, 218 Ark. 722, 238 S.W. 2d 645 (1951).

At the time the amendment was filed our new civil procedure rules had been adopted, and a complaint was no longer subject to a demurrer for failure to state a "cause of action." To avoid the granting of a motion to dismiss, we now require that a complaint state "facts upon which relief can be granted." A. R. Civ. P. 12(b)(6). The principle referred to above with respect to the statute of limitations remains applicable here, however, as no facts were stated in the original complaint upon which relief could have been granted against Elbert Pruitt. To the extent any such facts have been stated, they appeared in the amendment which came after any possibly applicable statute of limitations had run.

Affirmed.

Judge Hays did not participate.