MISSOURI PACIFIC RAILROAD COMPANY *v.* JOHNSON.

Opinion delivered April 10, 1922.

1. RAILROADS—NOT SUABLE FOR INJURY DURING FEDERAL CONTROL.— A railroad company was not liable for injury to a passenger while its road was under Federal control.

2. RAILROADS—FEDERAL CONTROL—SUBSTITUTION OF PARTIES.—The substitution of the name of a United States agent appointed under the Transportation Act of February 28, 1920, as defendant in an action for injuries to a passenger on a railroad under Federal control when at the time of such substitution he had been succeeded in office by another, was improper.

3.  RAILROADS—FEDERAL CONTROL—SUBSTITUTION OF PARTIES—PROCESS.
    —The substitution as defendant of the United States Agent for
    the Director General of Railroads after trial did not constitute
    a new action requiring service on the party substituted, where
    such substitution was made merely to correct an error in the
    another instruction covering that subject.

4.  TRIAL—INSTRUCTION ALREADY COVERED.—Refusal to give an in-
    struction as to the duty of a railway brakeman to protect the
    appliances of his train was not error where the court gave
    another instruction covering that subject

Appeal from Johnson Circuit Court; *A. B. Priddy*, Judge; reversed in part.

*Pryor & Miles,* for appellant.

The court erred in refusing to direct a verdict·in favor of the defendants.

*Heartsill Ragon,* for appellee.

Appellant having failed to ask for a ruling on his demurrer is in no attitude to object to the jurisdiction of the court.   134 Ark. 254; 95 Ark. 405; 27 Ark. 235; 90 Ark. 86; 114 Ark. 87.

There was no error in substituting the agents of the government for Walker D. Hines, Director General. New service was not necessary.   147 Ark. 604; *Payne* v. *Stockton,* 147 Ark. 598.

The action was properly brought against the railroad and the Director General.   225 S. W. 639; 146 Ark. 170; 146 Ark. 232; 225 S. W. 640; 106 S. E. 755.

It was not error to refuse to give an instruction which was covered by an instruction already given.   136 Ark. 272; 126 Ark. 310.

SMITH, J.   Plaintiff sued the Missouri Pacific Railroad Company and Walker D. Hines, Director General of Railroads, alleging that on the 14th day of December, 1918, he had received certain injuries while a passenger between Hartman and Clarksville, Arkansas, as a result of an assault made upon him by the brakeman on the train.   A separate answer was filed by the railroad company, in which it denied that it was operating passenger

trains at the time alleged in the complaint; and an answer was filed by the Director General denying specifically the allegations of the complaint in regard to the assault.

There was a trial before a jury on May 6, 1921, and at the conclusion of all the testimony each of the defendants asked the court for a directed verdict, but the ground therefor is not stated in the record. This request was overruled, and the case proceeded to the jury, and a verdict was returned against the defendants jointly in the sum of $250. Judgment was entered on the verdict, and thereafter separate motions for a new trial were filed. Upon the argument of the motion for a new trial the court entered an order substituting the names of John Barton Payne and James M. Davis, as agents of the government, in place of the name of Walker D. Hines, and overruled both motions for a new trial. There appears to be a judgment against the railroad company, Hines, Payne and Davis, and each of these defendants has appealed.

It is first insisted that judgment was improperly rendered against the railroad company; and this insistence appears to be well taken. *Missouri Pac. R. Co. v. Ault,* 256 U. S. 554.

It is next insisted that error was committed in substituting the names of the successors in office of Walker D. Hines after the rendition of the judgment, the contention being that a retrial should have been ordered after the substitution of parties, and that the name of Payne should not, in any event, have been substituted, as at the time of the substitution he had himself been succeeded in office by Davis; and this appears to be a fact. It appears, therefore, to have been unnecessary and improper to substitute the name of Payne, as Davis was the substituted agent then acting for the Federal Government under the designation of the President of the United States, as required by the Transportation Act of Congress approved February 28, 1920. But should a

retrial have been ordered after the substitution of the name of Davis?

A similar question was presented in the case of *Payne* v. *Stockton,* 147 Ark. 598. In that case the name of Payne was substituted for that of Hines, and, while the substitution in that case was made before the trial of the cause, the objection was made in that case, as in this, that no service had been had against the person substituted, which is, of course, the point in the case, for, if service is required, the substitution could not be made either before or after the trial without service being first had. In the case just cited we said: "We do not think, however, that any new service was necessary. The object of the suit was to bring an action against the United States. The United States employed the same attorneys to act for John Barton Payne as had acted for Walker D. Hines as Director General. When these attorneys entered the appearance of Walker D. Hines, as Director General of Railroads and Special Agent, they entered the appearance of the United States to the suit, and the substitution of John Barton Payne, Agent, instead of Walker D. Hines, Director General of Railroads, was merely to correct an error in the name of the representative of the United States."

In the instant case an answer was filed in the name of Hines as Director General, alleging misconduct on the part of the passenger, which, if established by the testimony, would have defeated a recovery. The cause was tried on the issues there joined. The answer entered the appearance of the alleged agent of the United States, and there is no contention that any other or different defense could or would have been made had the substitution of names been made before the trial, as was done in the case of *Payne* v. *Stockton, supra,* instead of after the trial, as was done in the instant case; and we conclude here, as we did there, that no error was committed in correcting an error in the name of the representative of the United States."

Error is also assigned in the refusal of the court to give certain instructions. It is the theory of appellant that plaintiff, who is a boy fifteen years old, got on the rear end of the train, with a number of other boys who were not passengers, but that plaintiff acted in unison and in conspiracy with these other boys on the back of the train to turn on the emergency air, and an instruction was asked to the effect that, if this was true, the brakeman would have been justified in using reasonable force in preventing the boys from turning on the air in the emergency brake, but the instruction was not given.

Plaintiff admitted that he went to the rear end of the last coach, but he says he did so for the purpose of watching the boys, who had climbed on to the steps of the rear car, jump off as the train passed a railroad crossing; that he knew nothing about the air whistle on the rear of the train, and had nothing to do with turning it on, and when it was turned on by one of the boys he became frightened and started into the coach to deliver up his ticket, but as he started into the coach the brakeman grabbed him around the throat and choked and otherwise assaulted him.

It is true, of course, that the brakeman had the right, and was under the duty, of protecting the appliances of the train, and especially those as important as the airbrakes, from officious meddlers; and for the protection of these appliances and the consequent safety of other passengers he had the right to use such force as was reasonably necessary for that purpose. This right and duty was covered, however, by an instruction numbered 3, which was given at appellant's request, reading as follows: "You are instructed that the law imposes a duty upon a railroad company, as a carrier of passengers, to exercise the highest degree of care in the operation of its passenger trains for the safety and protection of passengers thereon, and to use all reasonable means within its power to keep its equipment in a reasonable safe condition and to prevent interference therewith, or

annoyance to the passengers, and, in doing so, and through its agent and employees, may use such reasonable force as may seemingly be necessary under the peculiar facts and circumstances to prevent interference with its trains or jeopardizing the safety of its passengers and employees thereon, and, in doing so, would not be liable in damages therefor."

The case presents a sharp issue of fact between the plaintiff and two of the other boys who were on the back of the train, on the one hand, and the brakeman, on the other, and, however much we may be disposed to accept as true the version of the brakeman as to what occurred when the air was applied and the train suddenly stopped, the verdict of the jury concludes that question in plaintiff's favor.

The judgment against the railroad and that against Hines and Payne will be dismissed.   The judgment against Davis will be affirmed.