## DAVIS *v.* CHRISP.

### Opinion delivered June 11, 1923.

1. LIMITATION OF ACTIONS—STATUTORY PERIOD—CONDITION OF LIABI-
LITY.—As the Federal Employers' Liability Act creates a right
of action unknown at common law, and specifies the time with-
in which an action may be commenced, it operates as a condi-
tion of liability, and not merely as a period of limitation.

2. PLEADING—AMENDMENT BY SUBSTITUTION OF PARTY.—Crawford
& Moses' Dig., §§ 1101, 1239, do not authorize the substitution
of a new party for one in whose favor or against whom there is
no right of action.

3. LIMITATION OF ACTIONS—AMENDMENT.—Where there is an
amendment stating a new cause of action or bringing in new
parties interest in the controversy, the statute of limitations
runs to the date of the amendment and operates as a bar when
the statutory period of limitation has already expired.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; reversed.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellant.

The course of action was barred by the 2 years
statute of limitations. *Rice* v. *Dixon,* 161 Pac. 722; 173
Pac. 196. The time fixed for commencement of the action
created or permitted by statute is a condition of liability

and not a statute of limitation, and action must be commenced within the time allowed. 8 A. L. R. 141, and notes; 2 Roberts' Federal Liability of Carriers, 1210. Filing of amended complaint is to be considered as the commencement of the suit against new defendants. 17 Ark. 663; 74 Ark. 526; 97 Ark. 19; 96 Ark. 388; 80 Ark. 245; 64 Ark. 348; 59 Ark. 441; 6 Am. & Eng. Enc. of Law, 875; 51 L. R. A. (N. S.) 721; 67 Ill. App. 114; 8 A. L. R. 1386; 241 U. S. 241. The original complaint was against the Missouri Pacific Railway Company, and was dismissed upon demurrer sustained to it. The amended complaint was filed after two years had passed from the bringing of the suit, setting up a new cause of action and against a new defendant, and the action was barred, and the demurrer should have been sustained. 241 Fed. 395; Ann. Cas. 1914-C 1026; 107 Atl. 569. Cause of action accrues under Federal Employers' Liability Act within 2 years from date of death of deceased, and a personal representative appointed more than 2 years after such date cannot maintain an action. 16 A. L. R. 470; 17 R. C. L. 824. A new party defendant brought in by amendment, after the statute of limitation has run, is entitled to plead statute bar. 3 L. R. A. 324; 78 Ala. 508; 53 Ga. 102; 78 N. Y. 194; 12 Am. Rep. 657; 6 Pet. 61. Complaint not amended to substitute a new and different defendant for or against when action was brought. 75 N. Y. 304; 137 Am. St. Rep. 344; 96 Am. St. Rep. 948; 13 Am. St. Rep. 805. An action for personal injury must be brought within 2 years. *Petrovis* v. *Del. River & Ferry Co.,* 42 Atl. 955. Amendment introducing a new or different cause of action does not relate back to the beginning of the action so as to stop the running of the statute of limitations. 86 N. E. 670; 118 S. W. 663; 112 N. W. 754; 120 S. W. 494; 99 Pac. 298. Where cause of action set forth in amended pleading is new, different and distinct from that originally set up, it is equivalent to bringing a new action to the time it is filed. 58 So. 186; 92 Fed. 820: 104 N. E. 186; 96 S. E.

640; 199 Pac. 861, is especially applicable here. Railroad company not liable after return of its road for injuries inflicted while railroad was under Federal control. 19 A. L. R. 675. Instruction No. 1 should have been given and a verdict directed for appellant. Requested instructions 2, 3, 4, and 8 clearly state the law applicable, and should have been given. The demurrer to the amended complaint should have been sustained and the complaint dismissed. 94 Ark. 277. The Federal Employers' Liability Act creates a cause of action which must be brought within the 2 years limitation. 204 Fed. 970; 87 Ark. 65; 108 Ark. 219; 227 U. S. 296. Appellee assumed the risk, and cannot recover. 1 Roberts, Federal Liability of Carriers, 978; 233 U. S. 492; 241 U. S. 229; 245 U. S. 461; 241 U. S. 470; 241 U. S. 462; 236 U. S. 668; 241 U. S. 310; see also 191 U. S. 64; 220 U. S. 590; 228 U. S. 319; 236 Fed. 1; 122 U. S. 189; 109 U. S. 478; 41 U. S. Sup. Ct. Reporter, 162; 90 Ark. 487; 57 Ark. 503; 135 Ark. 483; 134 Ark. 491; 135 Ark. 563; 101 Ark. 537; 113 Ark. 359; 85 Ark. 460; 113 Ark. 304. The court erred in giving instruction 2 over appellant's specific objection. 34 U. S. Sup. Ct. Rep. 229; 33 U. S. Sup. Ct. Rep. 465; 24 U. S. Sup. Ct. Rep. 24.

*Brundidge & Neelly,* for appellant.

This suit was brought under the Federal Employers' Liability Act within two years after the injury occurred against Mo. P. Ry. Co., under authority of *Mo. P. Ry.* v. *Ault,* 140 Ark. 572. Later the U. S. Supreme Court held that such action must be brought against the agent of the government, the road being under Federal control, and at the first term of the circuit court thereafter an amendment to the complaint was made substituting the Director General as defendant. No new case of action was alleged, and the amendment was properly made. C. & M. Digest, § 1239. Roberts' Injuries to Interstate Employees, § 9; 101 Fed. 171; 137 Fed. 740; 226 U. S. 570; 193 Fed. 189; 145 U. S. 598; 104 Ark. 286; 96 Ark. 388, cited for appellant, is not an au-

thority in support of its contention, but rather supports appellee's position. Also *Little Rock Traction & Electric Co.* v. *Miller,* 80 Ark. 248; 108 S. E. (Ga.) 273. No assumption of risk by appellee. 129 Ark. 95. Instruction No. 2 was not erroneous. 1 Roberts, Injuries to Interstate Employees, 193.

McCULLOCH, C. J. Plaintiff, O. H. Chrisp, was formerly employed by the Missouri Pacific Railroad Company as a brakeman, and, when the railroad passed into the hands of the United States Government for operation under the act of Congress providing for government control of railroads during the period of the war (act of Congress August 29, 1916), he continued in the employment of the government on that railroad. On January 17, 1917, while plaintiff was engaged in said service as a freight brakeman on a run between Memphis, Tennessee, and Bald Knob, Arkansas, he received serious personal injuries, which resulted in the loss of one of his legs, and the injuries were caused, according to the allegations of the complaint and as shown by proof in this case, by the negligence of defendant's employees in the operation of the railroad.

This action was originally instituted by plaintiff on January 14, 1921, against the Missouri Pacific Railroad Company. The railroad company demurred to the complaint on the ground that it was shown on the face of the complaint that, at the time of the alleged injury, the railroad property of the company and its operation were under government control, under the provisions of the Federal Control Act. The court sustained the demurrer on January 18, 1921, and on the same day the court made an order, on petition of the plaintiff, directing that James C. Davis, as agent of the government, be made party defendant and that a summons be served on him. Nothing further seems to have been done under that order, so far as this record shows, until August 23, 1921, when the plaintiff filed an amended complaint against James C. Davis, as such agent, alleging the same facts with respect

to the injury and the cause thereof as in the original complaint, and alleging that the railroad was under government control. Summons was thereafter duly served on Davis, as agent, and on January 30, 1922, he appeared by counsel and demurred to the amended complaint on the ground that the action against said defendant Davis had not been instituted within two years after the happening of the alleged injury. The court overruled the demurrer, and the defendant then filed his answer, reserving the objections raised on the demurrer, and denying the allegations of the amended complaint with respect to negligence and the cause and extent of plaintiff's injury. The answer also contained a plea that the alleged injury of plaintiff occurred while he was engaged in interstate commerce for his employer and was therefore governed by the Federal Employers' Liability Act, and that the action was not instituted within two years after such injury occurred. There was a trial of the issues before a jury, which resulted in a judgment in favor of plaintiff for the recovery of a large sum as damages.

It is undisputed, both in the pleadings and the proof, that plaintiff's injury occurred on January 17, 1917, while he was engaged in the service of defendant, which constituted interstate commerce.

The first and principal contention of counsel for defendant as grounds for reversal is that the trial court had no authority, under our statute, to allow an amendment to the complaint substituting as defendant a new party, against whom there was alleged to be a cause of action, in the place of an original defendant, against whom there was no cause of action; that this was tantamount to the commencement of a new action after the expiration of the time allowed by the Federal statute for bringing such action. It is the contention of counsel for plaintiff that the substitution of a new party was permissible as an amendment to the complaint stating the same cause of action as in the original complaint, and that the substitution related back to the commencement of the action against the railroad company.

The Federal Employers' Liability Act (sec. 6) provides that no action may be maintained under the statute unless commenced within two years from the day the cause of action accrued. U. S. Comp. Stat., § 8662. The rule seems to be established by all of the authorities on the subject that, where a statute creates a right of action unknown at common law and also specifies the time within which the action may be commenced, it operates as a condition of liability thus created, and not merely as a period of limitation. *Anthony* v. *Railway Co.,* 108 Ark. 219; *Partee* v. *Railroad Co.,* 204 Fed. 970; *Rodman* v. *Railway Co.,* 65 Kas. 645; *Kerley* v. *Hoelham,* 8 A. L. R. (Okla.) 141; *Porter* v. *St. Louis-San Francisco Ry. Co.,* 51 L. R. A. (N. S.) 721.

Counsel for plaintiff cite cases—especially the decision of the Supreme Judicial Court of Massachusetts in *Genga* v. *New York, N. H. & H. Ry. Co.,* 137 N. E. 637—which support their contention that, under statutes similar to ours on the subject of amendments, a new party defendant may be substituted after the expiration of the period of limitation so as to relate back to the commencement of the original action and to prevent the bar of the statute, but this court is firmly committed to the contrary rule. Our statute (Crawford & Moses' Digest, § 1239) reads as follows:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim of defense, by conforming the pleading or proceeding to the facts proved."

Another section (1101) provides that "when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in."

This court has repeatedly decided that these statutes are not broad enough to authorize a substitution of a new party for one in whose favor or against whom there is no right of action. *State* v. *Rottaken,* 34 Ark. 144; *Railway Co.* v. *State,* 56 Ark. 166; *Schiele* v. *Dillard,* 94 Ark. 277; *Coleman* v. *Floyd,* 105 Ark. 300.

Judge BATTLE, as special Justice, speaking for the court in the case of *State* v. *Rottaken, supra,* after referring to the Code provision set forth above, said:

"This provision of the Code assumes that the plaintiff has a cause of action, and does not authorize the court in any case, where the plaintiff has failed to show any cause of action, to amend by adding the name of a party in whose favor a cause of action is shown by the complaint to exist, because such a proceeding would be practically instituting a new action, and forcing a party, at the instance of one who has no right to demand it, to commence an action when he does not wish to do so. Broad and liberal as the provisions of the statute of amendments are, we see no authority in them for such a proceeding."

In *Schiele* v. *Dillard, supra,* the court said:

"The appellants sought, by amendment to their complaint, to substitute new parties defendant. This could not be done. While the court may, in its discretion, allow additional parties plaintiff or defendant to be added or struck out, it cannot make an entire change of parties plaintiff or defendant. That would be tantamount to a new suit between entirely different parties."

Our cases also hold that, where there is an amendment stating a new cause of action or bringing in new parties interested in the controversy, the statute of limitations runs to the date of the amendment and operates as a bar when the statutory period of limitation has already expired. *Lytle* v. *State.* 17 Ark. 663; *Little Rock Traction Co.* v. *Miller,* 80 Ark. 245; *Western C. & M. Co.* v. *Corkille,* 96 Ark. 388; *Warner* v. *Askew,* 97 Ark. 19,

In the recent case of *Arkansas Land & Lumber Co. v. Davis*, 155 Ark. 541, we recognized this principle as being sound, but held that the substitution of the Federal agent under the Transportation Act in the place of the Director General of Railroads, appointed under the Federal Control Act, did not amount to a change in parties, for the reason that the government was a defendant, and the change from one agent to another was not a change of the real parties in interest. *Payne* v. *Stockton*, 147 Ark. 598; *Missouri Pacific Rd. Co.* v. *Johnson*, 153 Ark. 146.

Other authorities to the same effect are as follows: *Miller* v. *McIntyre*, 6 Pet. (U. S.) 61; *Seaboard Air Line* v. *Renn*, 241 U. S. 290; *Union Pacific R. Co.* v. *Wyler*, 158 U. S. 285; *Atmore Milling & Elevator Co.* v. *L. & N. R. Co.* (Ala.), 19 A. L. R. 675; *Maegerlin* v. *Chicago*, 237 Ill. 159; *Peterson* v. *Delaware River & Ferry Co.*, 190 Pa. 364; *Boyd* v. *Mutual Fire Ins. Assn.*, 116 Wis. 155; 96 Amer. St. Rep. 928; *Leatherman* v. *Times Co.* (Ky.), 3 L. R. A. 324; *Seibs* v. *Englehart*, 78 Ala. 508; *Morrison* v. *B. & O. R. Co.*, Ann. Cas., 1914-C, p. 1026; *Carpenter* v. *Vermont R. Co.* (Vermont), 107 Atl. 569; *Hogardy* v. *P. & R. R. Co.*, 255 Pa. 236; 17 R. C. L. 822.

The cases cited on the brief of counsel for plaintiff merely go to the extent of holding that, where there is no substantial change in the cause of action or the parties, and where the change is merely formal or as an expansion or elaboration of the cause of action already stated, it can be done under statutes authorizing amendments, and does not constitute a new cause of action. In the Genga case, *supra,* decided by the Massachusetts court, the action against the railroad company was based on common-law liability, where the statute of limitation was invoked, and was not based on the Employers' Liability Act, which prescribes the period within which suit may be brought as a condition upon which liability rests. How far this may have influenced the Massachusetts

court in reaching its conclusion that the substitution of a Federal agent for the original defendant was permissible we need not consider, for the decision in that case, if given its broadest application to the case now before us, would put it in direct conflict with repeated decisions of our own court.

The provision in the transportation act approved February 28, 1920 (41 U. S. Stat. at Large, 446), to the effect that actions against a Federal agent might be instituted "within the period of limitation now prescribed by the State or Federal statutes, but not later than two years from the date of the passage of this act," has no application, since the action is one under the Federal Employers' Liability Act, which prescribes a period of two years within which action may be brought. This provision of the transportation statute does not constitute an extension of time for commencing an action, but its effect is rather a restriction, for it limits the period for bringing such suits to two years after the enactment of the statute. *Ellis* v. *Davis,* 23 Sup. Ct. Reporter, 243.

Our conclusion is therefore that defendant is correct in the contention that the amendment substituting the Federal agent for the railroad company was not authorized by our statute, and was tantamount to the commencement of a new action, which could not be done after the period prescribed by the Federal statutes within which such actions may be instituted. The substitution was not a mere change of representatives, as in the case of change from the director general to the Federal agent. The effect of the substitution was to change the action from one against the railroad corporation to one against the United States Government, and, as before stated, it constituted a complete change of parties. The Federal agent was not bound to take cognizance of an action against the railroad corporation, even though the service was on the same local station agent, and even though the complaint stated a cause of action for personal injuries sustained during government control.

The identity of the corporation was not lost by its railroad property passing under government control, and it still could be sued on its legal obligations, therefore the commencement of an action against it was not notice to the government.

There was no waiver of the substitution, for the defendant preserved his objection in the answer filed, and also pleaded specially that the action against the present defendant was not commenced within two years from the date of plaintiff's injury.

The judgment must be reversed and the cause dismissed, and it is so ordered.