Sayde E. Fitzpatrick, Administratrix of Estate of Francis Kenneth Fitzpatrick, Deceased, Appellant, v. Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers of Wabash Railway Company, Appellees.

### Gen. No. 9,312.

Sayde E. Fitzpatrick, Administratrix of Estate of John Q. Fitzpatrick, Deceased, Appellant, v. Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers of Wabash Railway Company, Appellees.

### Gen. No. 9,313.

Sayde E. Fitzpatrick, Administratrix of Estate of John J. Fitzpatrick, Deceased, Appellant, v. Norman B. Pitcairn and Frank C. Nicodemus, Jr., Receivers of Wabash Railway Company, Appellees.

### Gen. No. 9,314.

Opinion filed August 30, 1938.

CASSIDY & KNOBLOCK, of Peoria, for appellant; JOHN E. CASSIDY and JOHN E. CARLSON, of counsel.

MILLER, ELLIOTT & WESTERVELT, of Peoria, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an order of the Peoria circuit court dismissing the three cases for wrongful death against the receivers of the Wabash Railway Company. The dismissal of the suits by the court was ordered on the pleadings and before trial. There were three separate suits in the circuit court but they have been consolidated in this court. The Gen. Nos. of the cases are respectively, 9,312, 9,313, and 9,314. The declaration is practically the same in all three cases. The dates on which the pleadings were filed are taken from Gen. No. 9,312.

On October 6, 1936, Sayde E. Fitzpatrick as administratrix filed two suits in the Peoria circuit court on account of the wrongful death of her two minor sons, John Q. Fitzpatrick and Francis Kenneth Fitzpatrick. There suits were filed naming the defendant as "Wabash Railway Company," and charged that the wrongful deaths occurred on January 18, 1936.

On December 10, 1936, the same plaintiff, Sayde E. Fitzpatrick, as administratrix, filed a suit in said court

against the Wabash Railway Company for damages alleged on account of the wrongful death of her husband, John J. Fitzpatrick, on January 18, 1936. The complaints in all three suits were very similar, averring that the accident causing the death of plaintiff's husband and two minor children occurred at the Wabash Railway crossing at the village of Campus, Livingston county; that at the time of the accident the husband of the administratrix, John J. Fitzpatrick, and her two minor sons, John Q. Fitzpatrick and Francis Kenneth Fitzpatrick were passengers in the same automobile.

On November 2, 1936, the Wabash Railway Company and A. F. McDonald, one of the defendants who was the engineer on defendant's train at the time and place aforesaid, filed their separate answers. They denied each and every allegation in plaintiff's complaint by simply stating "Defendant denies Paragraph One, Count One. Defendant denies Paragraph Two, Count One," and so on to each and every paragraph in plaintiff's bill of complaint. On November 10, 1936, the plaintiff entered a motion to strike the answer because the same was ambiguous, indefinite, and uncertain. On February 11, 1937, the motion to dismiss the defendant's answers was sustained and leave granted to file amended answers within 10 days. The amended answers were filed February 20, 1937. Each denies the specific allegation of the complaint that the Wabash Railway Company at the time of the accident in question was operating a train by defendant's agent and servant A. F. McDonald, while on the defendant's tracks, etc., which caused the accident complained of.

After this answer was filed the plaintiff entered a motion to add as parties defendant, Norman B. Pitcairn and Frank C. Nicodemus, Jr., receivers of the Wabash Railway Company, a corporation. On March 22, 1937, the court granted leave to plaintiff to make

this amendment. On April 18, 1837, the receivers of the Railway Company entered a motion to dismiss the suit as against them for want of jurisdiction, because they had not been made parties to the action within one year's time after the accident which caused the death of plaintiff's intestate. The court sustained this motion and dismissed the suit. It is from this order of dismissal that the several appeals have been prosecuted.

The only question involved in these suits is whether a suit can be maintained against the receivers of said Railway Company after the suits had been started against the Wabash Railway Company, a corporation, and proper service had upon that company, by substituting them as parties defendants, after the statutory period has expired for bringing such suits. Our attention has not been called to any Supreme or Appellate Court decision of Illinois or any other State, in which this identical question has been decided. There are numerous cases both in our own courts and other States, and in the U. S. Supreme Court, in which similar questions has been involved. In the case of *Proctor v. Wells Bros. Co.*, 262 Ill. 77, Proctor, who as a workman, for whom he supposed was Wells Bros. Company, a corporation, was injured and he brought suit against the company under title of ''Wells Bros. Company, a corporation.'' A summons was issued upon Wells Brothers Company, a corporation. To this the defendant filed its answer and denied that Proctor was employed by them. After the statutory period for bringing such action had expired, it developed that Wells Brothers Company, a corporation, was not the employer of Proctor, but Wells Brothers Company of New York, which was an entirely different corporation from the original defendant, was such employer. Wells Brothers Company of New York was made party defendant to the suit and judgment was rendered against

this corporation for the damage sustained by Proctor. The officers of the two corporations were the same men but served in different capacities. Addison E. Wells was president of Wells Brothers Company, and vice-president of Wells Brothers Company of New York. F. A. Wells was president of Wells Brothers Company of New York and vice-president of Wells Brothers Company. Each had an office in the same building in Chicago. The court in this case held that Proctor had elected to sue Wells Brothers Company and had insisted that he was employed by them, and that it was after the statutory period for bringing such action against the Wells Brothers Company of New York had expired that he had tried to hold them liable and he could not maintain his suit against the latter company at the time he brought the suit because the issuance of the summons was the commencement of the suit against Wells Brothers Company of New York and was a new cause of action.

There are many cases that arose during the time that the Federal Government was operating the railroads under the Federal Control Act. Frequently suits were started against the railroad company as a corporation and after the statutory period for bringing suits had expired an attempt was made to have the agent of the government made a party to the suit. Perhaps the leading case on this subject is the case of *Davis v. Chrisp,* 159 Ark. 335, 252 S. W. 606. O. H. Chrisp, the plaintiff, filed suit against the Missouri Pacific Railway Company, alleging that he was a brakeman on said railroad and through the carelessness of the engineer of the railroad company he received injuries which resulted in the loss of one of his legs. The railroad company demurred to the declaration on the ground that it was shown on the face of the complaint that at the time of the injury, the railroad company, the property of the company, and its operation was under the

control of the government under the Federal Control Act. The court sustained the demurrer to the declaration and the plaintiff was granted leave to make James C. Davis, as agent of the government, a party defendant. Service was had upon the new defendant and plaintiff then filed an amended declaration alleging the facts as were set forth in the original complaint in all respects with the exception of the railroad company. The plaintiff recovered a large sum as damages.

The court in defining the issues, use this language, ''The first and principal contention of counsel for the defendant as grounds for reversal is that the trial court had no authority under our statutes to allow an amendment to the complaint, substituting as defendant a new party against whom there was alleged to be a cause of action, in the place of the original defendant against whom there was no cause of action; that this was tantamount to the commencement of a new action after the expiration of the time allowed by the Federal Statutes for bringing such action. It is the contention of counsel for plaintiff that the substitution of the new party was permissible as an amendment to the complaint stating the same cause of action as in the original complaint, and that the substitution related back to the commencement of the action against the railroad company.'' From this statement it can be seen the issues involved in the case are the same as the one we are now considering.

After reviewing many cases the court concluded as follows: ''Our conclusion is, therefore, that defendant is correct in the contention that the amendment substituting the Federal Agent for the railroad company was not authorized by our statute and was tantamount to the commencement of a new action, which could not be done after the period prescribed by the federal statutes within which such actions may be instituted. The substitution was not a mere change of representative,

as in the case of change from the Director General to the Federal Agent. The effect of the substitution was to change the action from one against the railroad corporation to one (against the United States government, and, as before stated, it constituted a complete change of parties. The Federal Agent was not bound to take cognizance of an action against the railroad corporation, even though the service was on the same local station agent, and even though the complaint stated a cause of action for personal injuries sustained during governmental control.''

In the case of *Davis v. Federal Industrial Commission,* 315 Ill. 341, Schaefer filed a petition against the Southern Railway Company for compensation for injuries he received while employed by said railroad company. He was paid compensation from time to time. At the time of his injuries the railroad company was under the control of the director general of railroads. The injury complained of occurred on May 27, 1919. On September 23, 1921, the director general refused to, pay anything further on Schaefer's claim. On the original claim pending before the Industrial Commission against the Southern Railway Company, on March 8, 1922, a motion was made to substitute James C. Davis, director general of railroads, as agent under the Transportation Act, in control of the Southern Railway. Objection was made to such order and motion filed to dismiss the cause on the ground that the petition filed in October, 1919, was against the Southern Railway Company and at that time the railroad was operated by the director general of railroads. The motion was overruled and judgment was entered in favor of the petitioner. The case was taken to the Supreme Court. Among the cases reviewed by the Supreme Court and cited with approval, is *Davis v. Chrisp, supra.* The court held that the starting of the suit against the. Southern Railway Company did not con-

stitute a cause of action against the government and therefore no right of substitution of James C. Davis, director of railroads, as party defendant existed, and since the petitioner had not filed a claim against the director general within the time the statute provided for bringing such proceedings, the Industrial Commission was without jurisdiction to enter the order and the circuit court erred in confirming it and the judgment was reversed.

In the case of *Davis v. Cohen & Co.*, 268 U. S. 638; Cohen & Co., in January, 1920, brought a suit against the New York, New Haven, and Hartford Railway Company for damages to a carload of scrap iron shipped over the said railroad in 1918, when said road was under the Federal Control Act. The declaration named the railroad company defendant and the service was had on the railroad company. The railroad company appeared and filed an answer denying the allegations of the declaration. No further proceedings were had until September, 1922, when the railroad company's name was stricken out and James C. Davis, agent, director general of the railroad, was made party defendant. Davis appeared specially and entered a motion to dismiss, on the ground that the court was without jurisdiction to entertain the action because the proceeding was not started against him within the time prescribed by statute. The court overruled the motion and entered judgment against him for damages. In the discussion by the court we find this language: "Our conclusions may be briefly stated. The railroad company was not liable for the cause of action that had arisen during the Federal control; the sole liability being that of the Director General as a representative of the government. The original suit against the railway company was not a suit against the Director General, and the service of the original writ upon the railway company did not bring him before the court. . . .

It is immaterial that, as admitted at bar, the service of the writ against the railroad company was made upon a clerk upon whom process against the Director General might have been served if the suit had been brought against him. 'The Federal agent was not bound to take cognizance of an action against the railroad corporation, even though the service was on the same local station agent, and even though the complaint stated a cause of action for personal injuries sustained during government control.' *Davis v. Chrisp,* 159 Ark. 335, 343, 252 S. W. 606.

". . . The amendment of the writ and declaration in the suit against the railroad company, in October, 1922, by substituting the designated agent as the defendant, was, in effect, the commencement of a new and independent proceeding to enforce this liability. Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of § 206 (a), requiring such an action to be instituted not later than two years after the passage of the act." The rulings of the Supreme Court in the above case seems applicable to the facts in the present case.

It is insisted by the appellant that since service was had upon an agent of the receivers for the Wabash Railway Company, it was legal service upon the receivers and that such service on the receivers would relate back to the date of the service on said agent, although the Wabash Railway Company was named as defendant in the pleadings and summons. In the case of *Grewenig v. American Baking Co.,* 293 Ill. App. 604, we held that such service is not valid. The U. S. Supreme Court held in the case of *Davis v. Cohen & Co., supra,* that such service is not valid. When Mrs. Fitzpatrick started her suit, she alleged and maintained that the Wabash Railway Company was the owner and operator of the train in question which killed her hus-

band and children. She did not change her position and claim that the receivers were the ones who operated and controlled the train in question, until more than the statutory period of one year for bringing such suits after the death of plaintiff's intestates had expired.

After this opinion was written the appellant asked for and was granted leave to file additional authorities. They cite the case of *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222, as sustaining their contention. We have examined this case and we find that the same question is not involved as in the present case. In the *Metropolitan* case the Dairy Co. and Kunz were made parties defendants and properly served in apt time. The plaintiff charged each of the defendants with striking the plaintiff's intestate, etc. The evidence failed to show the Dairy Company's wagon struck the deceased. The plaintiff then shifted its position in regard to who actually caused the damage and injuries. The question whether a new party not served with summons could be made a defendant to the suit, after the statutory period had expired, was not involved in this suit.

It is our conclusion that the court properly sustained the motion to dismiss each of the three suits as the court did not have jurisdiction of the defendants in any of the suits. The judgments in each of the suits is affirmed.

*Judgment affirmed.*

Dove, P. J., dissents.